THE STATE v. WM. UMDENSTOCK.

1. PERJURY—INDICTMENT.—When an indictment for perjury charges the offense to have consisted of a false oath in writing, and fails to set forth the written oath in words or substance, it is fatally defective.

2. PERJURY—INDICTMENT.—In an indictment for perjury, the averment that the oath was "legally administered by the clerk," without giving the form, is sufficient only when the indictment states the circumstances under which the oath was required and the occasion on which it was made, so as to show that its violation would be perjury.

*A. J. Peeler, Assistant Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—In this case the State appeals from the judgment of the District Court quashing the indictment.   The offense, as it is charged in the indictment, consisted in a false oath, which was in writing. It is alleged in substance that the defendant deliberately and willfully made a written statement under oath, which was false; but the written statement is not set out in the indictment in words or in substance.   In this respect the indictment is defective. (2 Bishop's Cr. Pro., 919; Whart. Am. Cr. Law, 306; Campbell *v.* The People, 8 Wend., 636.)

It is charged that the oath was administered by W. C. Pierce, clerk of the District Court of Harrison county, under circumstances in which an oath was required by law, and was necessary for the ends of public justice, and that the oath was legally administered by the clerk.   In the forms in Archbold and in other works on forms the method of administering the oath and its substance are given, but it has been generally held that an allegation that the party was duly sworn was sufficient without stating the substance of the oath.   The averment that the oath was legally administered by the clerk without giving the form, would have been sufficient if the circumstances under which the oath was required, and the occasion when it was made, had been shown by averment to be such as that the violation of the oath would be perjury.   This was not done, and there was no error in sustaining the motion to quash the indictment.   (Halleck *v.* The State, 11 Ohio R., 400 ; Tuttle *v.* The People, 36 N. Y., 431.)

There being no error in the judgment, it is affirmed.

AFFIRMED.