[No. 10,545.—Department One.]

## THE PEOPLE v. AH YUTE.

SERVICE OF NOTICE OF APPEAL.—Where it appears from the indorsements on a notice of appeal that the notice was served on a certain day, and that service thereof was admitted, underneath the indorsement of filing, it will be presumed that service was made on the day of the filing.

EVIDENCE — HEARSAY — REPORTER'S NOTES — INTERPRETER. — The testimony of the reporter, based upon his notes, is incompetent to prove the testimony of a witness given in a foreign language, at a former trial, and taken down by the reporter from the interpreter. The interpreter, or some other person, who heard and understood the language in which the testimony was given, should have been called.

| 56  | 119 |
| 116 | 250 |
| 56  | 119 |
| 132 | 202 |

| 56  | 119 |
| 137 | 221 |
| 137 | 222 |
| 56  | 119 |
| 143 | 578 |

APPEAL from a judgment of conviction, and from an order denying a new trial in the Superior Court of the City and County of San Francisco. FREELON, J.

*Thomas F. Barry*, for Appellant.

The *Attorney-General*, for Respondent.

McKEE, J.:

It is urged that the appeal in this case should be dismissed because the record does not show when the notice of appeal was served. But it does show that the notice is dated May 18th,

1880; that it is indorsed filed on the same day; and that underneath this indorsement is the following: "Service of the within is hereby admitted.    D. L. Smoot, attorney for people."

An appeal is taken by a defendant in a criminal case by filing the notice of appeal with the clerk of the Court, and serving a copy thereof upon the attorney for the people.   (§ 1240, Pen. Code.)   The provisions of this section of the Penal Code, as to the time when notice of appeal shall be served, are like the provisions of § 940 of the Code of Civil Procedure, before the amendment of 1874.    In the construction of that section, it has been held that notice of appeal to be effectual must be served on the same day it was filed.   ( Columbet v. Pacheco, 43 Cal. 650; Dinan v. Stewart, 48 id. 567.)   But where, as in this case, it appears from the indorsements upon the notice itself that the notice was filled on a certain day, and that service thereof was admitted underneath the indorsement of filing, the Court will presume that the service was made on the day of the filing.

The principal assignment of error is, that the Court below erred in overruling an objection made during the trial, to the admission of certain testimony against the defendant.

On the trial of the case, the defendant Ah Yute testified as witness in his own behalf; and, upon cross-examination, he was asked by the prosecuting attorney whether he had made certain statements at a former trial of the case before the judge of the late Fifteenth District Court.    The witness denied having made the statements.    To prove that he had made them, the district attorney, in rebuttal, called as a witness the short-hand reporter of the Court, who had reported the testimony on that trial.    The record before us shows, that at that trial the testimony of the defendant had been taken through an interpreter, and that the reporter had taken down in short-hand the statements of the defendant as they were translated by the interpreter.    In giving his testimoney, the reporter read from his short-hand notes to the jury, when the counsel for the defendant objected to such testimony, as incompetent.    The objection was overruled, and the defendant excepted.    Against the defendant's objection the witness then testified, that upon the former trial the defendant made certain statements, which are the statements referred to by the district attorney.

It is urged, that the Court cannot presume that the reporter, in testifying as a witness, read from his notes the testimony which had been given on the former trial through an interpreter. But it is unnecessary to indulge in presumptions, for the record discloses the fact, that the witness was reading from his short-hand notes to the jury, when the objection was interposed to his testimony, and overruled; and thàt he continued to testify in the same way, for the supposed statements of the defendant, as the reporter testified to them, are given in the record as quoted from his notes. These statements were not spoken by the defendant in English. They were spoken in a foreign language, and translated into the English language for the use of the Court, the jury, and the reporter. In taking them down in short-hand, the reporter received them from the lips of the interpreter, and not from the defendant. It is, therefore, evident that the reporter did not understand the language in which the defendant spoke, and that he did not pretend to testify from his own knowledge or recollection of what the witness said, but from the short-hand notes of what the interpreter had said. The interpreter, or some other witness who heard and understood the language in which the statements of the defendant were made, should have been called to prove them; the Court, therefore, erred in overruling the objection of the defendant. (*People* v. *Lee Fat*, 54 Cal. 527.)

Judgment and order reversed.

McKINSTRY, J., and ROSS, J., concurred.