COMMONWEALTH *vs.* THOMAS S. VOSE.

Bristol. October 26, 1892. — November 23, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Evidence — Conversation through Interpreter.*

Where two persons, who speak different languages, and who cannot understand each other, converse through an interpreter, a third person, who is present and hears the conversation, but who understands only one of the languages, may testify to it as he understands it, upon the trial of an indictment against one of the persons for committing an abortion upon the other, on the occasion of the conversation.

The fact that a conversation was had through an interpreter affects the weight, but not the competency, of it as evidence.

INDICTMENT for committing an abortion on one Mary Tallon, on November 1, 1891, at Somerset. Trial in the Superior Court, before *Braley*, J., who allowed a bill of exceptions, in substance as follows.

One Berube was called as a witness by the government, and testified through an interpreter that he went with Mary Tallon on a certain night in October, 1891, to the defendant's house in South Somerset, and when they had entered the house a conversation in the French and English languages took place between Mary Tallon and the defendant; and that the defendant's wife acted as interpreter for them on this occasion, and the questions were put by the defendant to Tallon and by her to him.

It was in evidence that the defendant's wife was a Frenchwoman, and could converse in the French and English languages; that Mary Tallon was French, and could neither speak nor understand the English language; and that the defendant could neither speak nor understand the French language; and it was not shown that Berube could understand language addressed to him in English except imperfectly. It was also in evidence, that, on two occasions when the defendant had conversed with Berube, after the death of Mary Tallon, the conversations were carried on in the French and English languages through an interpreter.

For the purpose of showing that Mary Tallon went to the defendant's house intending to have an abortion performed on her, and that the defendant agreed to perform the abortion, Berube was allowed, against the defendant's objection, to state in detail the conversation between the defendant and Mary Tallon on the night in question; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*A. E. Bragg,* for the defendant.

*C. N. Harris,* Second Assistant Attorney General, for the Commonwealth.

KNOWLTON, J. The defendant excepted to the admission in evidence of a conversation between him and the deceased person carried on through an interpreter, he speaking English and she French, and the witness understanding only French.

When two persons who speak different languages and who cannot understand each other converse through an interpreter, they adopt a mode of communication in which they assume that the interpreter is trustworthy, and which makes his language presumptively their own. Each acts upon the theory that the interpretation is correct. Each impliedly agrees that his language

may be received through the interpreter. If nothing appears to show that their respective relations to the interpreter differ, they may be said to constitute him their joint agent to do for both that in which they have a joint interest. They wish to communicate with each other, they choose a mode of communication, they enter into conversation, and the words of the interpreter, which are their necessary medium of communication, are adopted by both, and made a part of their conversation as much as those which fall from their own lips. They cannot complain if the language of the interpreter is taken as their own by any one who is interested in the conversation. Interpretation under such circumstances is *prima facie* to be deemed correct. How far either would be bound by it if the interpreter should prove false, may depend on a variety of circumstances which it is unnecessary in this case to consider.

In a case like the present, we are of opinion that either party, or a third person who hears the conversation, may testify to it as he understands it, although for his understanding of what was said by one of the parties, he is dependent on the interpretation which was a part of the conversation. The fact that a conversation was had through an interpreter affects the weight, but not the competency, of the evidence. *Camerlin* v. *Palmer Co.* 10 Allen, 539. 1 Greenl. Ev. § 183.

*Exceptions overruled.*