STATE *vs.* MICHELE TERLINE.

PROVIDENCE—JANUARY 28, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Indictments. Perjury. Setting Out Language Used.*

An indictment charged the defendant with perjury while testifying before a District Court. The defendant was an Italian, unable to speak English, and gave his testimony through an interpreter :—

*Held*, that the language actually used by defendant need not be set out in the indictment, but it was sufficient to set out the substance thereof in the English language.

(2) *Indictments. Perjury. Variance.*

Upon an indictment for perjury, defendant requested the court to charge that " if the jury find that defendant testified that he stood at the corner of Spruce and Acorn streets, then, as the indictment charges that he testified that he stood at the corner of Spruce and Sutton streets, there is a variance, and defendant must be found not guilty :"—

*Held*, the request was properly refused, the allegation as to the names of the streets not being descriptive of the identity of the offence charged, and hence not legally essential thereto.

(3) *Indictments. Perjury. Hearsay Rule. Evidence.*

Upon the trial of an indictment charging perjury, witnesses who did not understand the Italian language were permitted to testify as to what defendant said in a District Court as there translated by an interpreter :—

*Held,* that the evidence was improperly admitted, being obnoxious to the rule against hearsay.

INDICTMENT charging perjury upon facts set out in full in opinion. Heard on petition of defendant for new trial, and new trial granted.

TILLINGHAST, J. This is an indictment against the defendant, charging him with having committed the crime of perjury while testifying as a witness in the District Court of the Sixth Judicial District, on the 15th day of September, 1899, in the trial of a complaint and warrant wherein Reuben R. Baker was complainant and Francesco Di Nardo was defendant.

Upon the trial of said indictment the defendant was convicted; and he now petitions for a new trial on the grounds that the verdict was against the law and the evidence, and that the trial court erred in certain of its rulings.

The defendant is an Italian and unable to speak English, and he gave his testimony in the Italian language in said District Court, Mr. Frank Raia acting as interpreter.

We will first consider the defendant's objection to the sufficiency of the indictment, which appears in the following request to charge:

" The defendant requests the court to charge the jury that as it appears from the evidence that the defendant gave his testimony in the Sixth District Court in the case against Francesco Di Nardo in the Italian language, and the jury find that the testimony was so given, then, inasmuch as the indictment charges that the testimony was given in the English language, there is a variance between the evidence and the indictment, and the defendant must be found not guilty." The court refused so to charge, and the defendant excepted.

(1) The question raised by the exception is whether the language actually used by the defendant must be set out in the indictment or whether it is sufficient to set out the substance thereof in the English language, as was done in this case.

Counsel for defendant contends that the indictment should

have set out in the Italian language what it was claimed
that the defendant said; that if this had been done it would
have been easy to show how the interpreter made the error
in his interpretation, to which reference will be made here-
after; that such is the rule in civil cases, in slander and
libel, and that the rules of pleading in criminal cases are
much stricter than in civil.   He also claims that under the
statute relating to perjury the charge should have been in
the Italian language, as otherwise it is not substantially set
forth in the indictment.

Gen. Laws R. I. cap. 285, § 5, reads as follows: "In every
indictment for perjury, or subornation of perjury, or incite-
ment to perjury, it shall be sufficient to set forth the sub-
stance of the offence charged upon the defendant, and by
what court or before whom the oath or affirmation was taken,
averring such court or person to have had competent author-
ity to administer the same, together with the proper aver-
ment or averments to falsify the matter wherein the perjury
is assigned, without setting forth any part of any record or
proceeding, either in law or equity, other than as aforesaid,
and without setting forth the commission or authority of the
court, or person or persons before whom the perjury was
committed, or was agreed, or promised, or procured, or in-
cited to be committed."

This section is substantially the same as the English stat-
ute 23rd George 2nd, Ch. 11, passed in 1750.   Before the
passage of that statute indictments were very prolix, reciting
the organization of the court before which the perjury was
alleged to have been committed, and also the whole of the
proceedings.   And said statute was intended to relieve the
public prosecutor from the difficulties attending that mode
of proceeding.   2 Chit. Cr. L. 307.   And under the English
decisions since the statute it is only necessary to state the
substance of the offence, the name of the court, a simple
averment of the court's authority to administer the oath, and
proper averments of the falsity of defendant's testimony.
*People* v. *Phelps*, 5 Wend. 9.   Indeed, even under the com-
mon law, we do not find that it was necessary to set out the

precise words of the testimony alleged to have been false. 16 Ency. Pl. & Pr. 333 ; 2 Bish. Crim. Pro. § 843.

In most, if not all, of the United States similar statutes have been enacted, and it has been uniformly held thereunder that in indictments for perjury it is not necessary to set out the exact language used by the defendant on the occasion when he is charged with having committed said crime, but only the substance thereof, except, perhaps, in those cases where his testimony was reduced to writing and signed by him.　McClain Crim. Law, § 877 ; *State* v. *Umdenstock*, 43 Tex. 554.　All that is necessary is that the indictment shall set forth the substance of the offence charged in a plain, intelligible, and explicit manner, with such fulness that the court can see that it is charged ·and that it gives to the defendant such information as is necessary to enable him to make his defence and also to protect him in case of a subsequent prosecution for the same offence.　In short, an indictment for perjury is good if it shows that in a judicial proceeding before a court having jurisdiction, or before a person having authority to administer the oath, the person accused willfully made oath to a statement of a material fact and that such statement was knowingly false.　*Com.* v. *Carel*, 105 Mass. 582.　See also *U. S.* v. *Walsh*, 22 Fed. Rep. 644 ; 2 Bish. Crim. Pro. 1st ed; § 859 ; *State* v. *Stillman*, 47 Cold. (Tenn.) 341 ; *Woods* v. *State*, 82 Tenn. 460 ; *State* v. *Neal*, 42 Mo. 119 ; *State* v. *Spencer*, 45 La. An. 1 ; *People* v. *Ostrander*, 64 Hun. 340.

As to the contention of defendant's counsel that the indictment should have set out in the Italian language the words used, we are clearly of the opinion that it is not well founded. If it is only necessary to set out the substance of what the defendant swore to in the proceeding in which he is charged with having committed perjury, it logically follows that it is immaterial in what language or dialect the witness spoke. The real question is, what did the defendant in effect swear to ?　What fact did he evidently intend to convey by the language used ?

In *Regina* v. *Thomas*, 2 Car. & Kir. 806, a similar question

was raised and passed upon. There the indictment charged that the defendant, before a magistrate, on the investigation of a charge of riot against certain other persons, falsely, willfully, etc., swore "in substance and to the effect following, that is to say." (In the indictment was here set out in *totidem verbis and in the first person*, a deposition of defendant in the English language, with proper innuendoes.)

It was proved that the defendant was examined before the magistrate in the Welsh language through an interpreter, and that his examination was translated into English and taken down in writing by the witness and signed by the defendant, this written deposition being that which was set out in the indictment and which was produced on the trial.

The defendant contended that the evidence given by the defendant before the magistrate ought to have been set out in the indictment in the Welsh language with a translation in the English language, and not an English translation only ; that it might have been sufficient to have stated the substance of the Welsh words but that the indictment, setting out the deposition in the first person, professed to give the very words, and must therefore do so correctly. In support of this contention the defendant cited the case of *Zenobio* v. *Axtell.*

Vaughan Williams, J., said : "That was a case of libel, where proof of the precise language is necessary. In perjury it is only necessary to prove the 'substance and effect.' The indictment charges that the defendant deposed and swore in substance and to the effect there stated. It was not necessary in this indictment to have set forth the deposition in *totidem verbis.* Still the substance and effect of what the defendant swore in the Welsh language may be proved ; and if that is in substance and to the effect the same as is stated in this indictment, that will be sufficient."

Mr. Bishop, in his work on Criminal Procedure, Vol. 1, §§ 564–5, states the rule to be as follows : "If the law requires the *tenor* of a written instrument to be set out, and the instrument is in a foreign language, the course is to give, in the first place, an exact copy of the original ; then to

follow it with an English translation.   Thus : ' of the tenor following (here insert the copy of the original, in the original language).   And which being translated into the English language, is as follows.'   The original, without the translation, is not sufficient ; neither is the translation without the original.   And plainly if the words as translated do not sustain the charge in the indictment it must fail, though the words in the original should be sufficient.

"It is to be borne in mind that the doctrine of the last section refers merely to those cases in which the law requires the *tenor* of the words or instrument to be set out.   Where only the substance is necessary, no principle occurs to the writer requiring any of the foreign forms of the expression to be given.   The *tenor* of a discourse in a foreign language could not be given in English, because this requires the exact words, and these are foreign ones.   But the substance does not require the exact words ; and plainly the substance of a discourse in German or French may be stated in English."

We think the law as thus stated is supported both by reason and authority.   No useful purpose could be subserved by incorporating in an indictment of this sort the particular words used by a defendant who speaks a language foreign to our own.   And such a practice, if required, would tend to confuse rather than to aid those whose duty it is to try and determine the case.   By having the services of an interpreter who is skilled in the particular language used by the defendant when he is alleged to have sworn falsely, his rights are fully protected, and, the indictment being in English, the case is tried in an orderly and intelligible manner.

We are therefore of the opinion that it was not necessary that the indictment should contain the Italian language used by the defendant as aforesaid, ·but that it was sufficient that the substance thereof was stated in English.

(2)    The defendant also claims that there was a variance between the indictment and the proof in this : That the indictment charges, amongst other things, that defendant testified that he and Di Nardo were at the corner of Spruce and Sutton

streets, while the proof was that he stood at the corner of Spruce and Acorn streets.

The indictment charges that the defendant falsely, knowingly, etc., testified in substance as follows, to wit : "That on said afternoon of the aforesaid 4th day of September, the said Francesco Di Nardo did not enter the said house on the said corner of Spruce and Sutton streets, but that the said Francesco Di Nardo remained on the street outside of the aforesaid house in company with him, the said Michele Terline, whereas in truth and in fact, as the said Michele Terline well knew, he, the said Francesco Di Nardo, did enter on the said afternoon of the said 4th day of September the said house on said corner of Spruce and Sutton streets, and did not remain on the street outside of said house in company with him, the said Michele Terline."

The testimony relied on by defendant's counsel to show the variance referred to is that of Frank Raia, the interpreter, and was as follows :

"Q. By Mr. Stearns, Assistant Attorney-General. On that day, at that trial, what did the defendant Michele Terline have to say in regard to his whereabouts on the 4th of September, 1899 ? A. Well, he said he had company on that day at his house and in the afternoon they went out, I think he said to the corner of Acorn and Spruce streets, and they saw a large crowd there and they watched the crowd. Mr. Greenough asked him if he was at this house with Francesco Di Nardo and he said 'No,' that Francesco Di Nardo did not leave him that day. Mr. Greenough asked me to ask him again and to be sure, and I asked him again, and I said,— 'Are you positive that Francesco Di Nardo never left you ?' He said, 'He did not leave me.' Then Judge Sweetland asked him or wanted me to ask him again to be sure. He said, 'Be sure to ask him again.' I said 'Are you positive?' The word 'positive' in English and Italian is almost the same—'positif.' So I asked him again, 'Are you positive that he never went into that house,' and he said, 'Di Nardo never left me.'

"Cross-examination by Mr. Owen. Q. What time was it

that Michele Terline left the house that day? A. In the afternoon. Q. Do you remember the hour? A. I do not. Q. Where did he say he went? A. I think he said he went to the corner of Acorn and Spruce streets. Q. Who did he say was with him? A. Francesco Di Nardo and the two other Di Nardos, father and son. Q. When they got to the corner of Acorn and Spruce streets what did they say they did? A. Watched the crowd. Q. And then what did they say they did? A. I do not recollect just what he did say then. I recollect his saying they were going to take a car. Q. Did he not say they went to the corner of Acorn and Atwells avenue or some street there to take a car? A. They said that afterwards. Q. Now did Michele Terline testify in the District Court that day that he went near the corner of Spruce and Sutton streets? A. Yes, sir; he said they came out together on the corner of Acorn near Spruce. Q. Did he say they went near the corner of Spruce and Sutton streets? A. I do not remember. Q. Do you want to say they did? A. No. Q. Now, as a matter of fact, isn't it a fact that he did not say that he went near the corner of Sutton and Spruce streets? A. I do not remember that; I remember he said he went on the corner of Acorn and Spruce, near Durante's barroom and watched the crowd; that is, in the lower court, when he testified for Francesco Di Nardo."

In view of this testimony, the defendant's counsel requested the court to charge as follows:

"If the jury find that the defendant testified that he stood at the corner of Spruce and Acorn streets, then, as the indictment charges that he testified that he stood at the corner of Spruce and Sutton streets, there is a variance, and the defendant must be found not guilty."

This request was refused, and the defendant's exception to the refusal was noted.

There was no error in this refusal. The variance relied on is not of such a character as to be vital to the issue involved. That the proof in a case of this sort must substantially support the indictment, and that any substantial variance in this respect will be fatal, is doubtless the law. But substan-

tial conformity is enough.    2 Whar. Crim. Law, 8th ed. § 1313 ; 2 Chit. Crim. Law, 312 b ; *Harris* v. *People,* 64 N. Y. pp. 153–4 ; 3 Gr. on Ev. 16th ed. §§ 193–4.

If the allegation as to the name of said streets or either of them was descriptive of the identity of that which was legally essential to the charge against the defendant, it could not be rejected, and would have to be proved strictly as laid ; the well-settled rule of evidence being that no allegation which is descriptive of the identity of that which is legally essential to the charge can ever be rejected.    *State* v. *Fitzpatrick,* 4 R. I. 269 ; Stark. on Ev. 9th ed. * 631.    "Thus in an indictment for stealing a black horse the animal is necessarily mentioned, but the color need not be stated ; yet if it is stated it is made descriptive of the particular animal stolen, and a variance in the proof of the color is fatal.    So in an indictment for stealing a bank note ; though it would be sufficient to describe it generally as a bank note of such denomination or value, yet, if the name of the officer who signed it be also stated, it must be strictly proved.    So also in an indictment for murder, malicious shooting, or other offence to the person, or for an offence against the habitation or goods, the name of the person who was the subject of the crime, and of the owner of the house or goods are material to be proved as alleged.    But where the time, place, person, or other circumstances are not descriptive of the fact or degree of the crime, nor material to the jurisdiction, a discrepancy between the allegation and the proof is not a variance."    1 Gr. on Ev. 16th ed. p. 829–30, and cases cited.

The allegation in this indictment as to the names of the streets is not descriptive of the identity of the offence charged, and hence is not legally essential thereto.    The vital question in the case was not whether the defendant and Di Nardo, in whose favor the defendant testified in the District Court, stood in the particular place set out in the indictment, but whether the defendant swore falsely when he testified that Di Nardo remained in his company and did not go inside of the house where he, Di Nardo, was charged with having committed the offence for which he was tried in the District Court.

(3)　The remaining exception taken by the defendant's counsel was based upon the ruling of the trial court in permitting several witnesses who did not understand the Italian language to testify as to what the defendant said in the District Court, as there translated by the interpreter. We are of the opinion that this exception is well founded and must be sustained.

While it is true that the interpretation of the words of a witness testifying in a foreign language by one who is sworn in court and translates the testimony to the tribunal is not obnoxious to the hearsay rule, because both the original witness and the interpreter are under oath and subject to cross-examination, yet where a witness is offered to testify to the statements of another person spoken in a language not understood by him but translated for him by an interpreter, such witness is not qualified, because he does not speak from personal knowledge. 1 Gr. on Ev. 16th ed. § 162 p. All which he can know as to the testimony which is in fact given in such a case is from the interpretation thereof which is given by another person. In *People* v. *Ah Yute*, 56 Cal. 119, it was held that the testimony of the reporter based upon his notes was incompetent to prove the testimony of a witness given in a foreign language at a former trial and taken down by the reporter from the interpreter. The court said : "These statements were not spoken by the defendant in English. They were spoken in a foreign language and translated into the English language for the use of the court, the jury, and the reporter. In taking them down in shorthand the reporter received them from the lips of the interpreter and not from the defendant. It is therefore evident that the reporter did not understand the language in which the defendant spoke, and that he did not pretend to testify from his own knowledge or recollection of what the witness said, but from the shorthand notes of what the interpreter had said. The interpreter or some other witness who heard and understood the language in which the statements of the defendant were made should have been called to prove them.

The court therefore erred in overruling the objection of the defendant." See also *People* v. *Lee Fat*, 54 Cal. 527.

The only exception which we find to the rule as thus stated is that in those cases where the interpreter acts as the agent of the witness in translating his testimony it is held that what the interpreter said is admissible on the ground that the language of the interpreter in such a case is to be taken *prima facie*, at any rate, as the language of the witness who employs him and speaks through him. See *Camerlin* v. *Palmer Co.*, 10 Allen, 541–2; *Com.* v. *Vose*, 157 Mass. 393; *Schearer* v. *Harver*, 36 Ind. 556; *Miller* v. *Lathrop*, 50 Minn. 91; 1 Gr. on Ev. 16th ed. § 162 p.

In the case at bar it appears that Raia was the official interpreter in the District Court, and that he was not the defendant's agent. His interpretation of the defendant's testimony, therefore, was improperly admitted from those witnesses who were present in the District Court and did not understand the Italian language. And while we cannot say that the evidence which was offered outside of this testimony was not sufficient to have warranted the jury in finding the defendant guilty, yet, as this was improperly admitted and might have influenced the jury, it is sufficient ground for the granting of a new trial.

From the conclusion to which we have thus arrived it becomes unnecessary to consider the alleged slight mistake made by Raia in his interpretation of the testimony.

Petition for new trial granted, and case remanded to the Common Pleas Division for further proceedings.

*Charles F. Stearns, Assistant Attorney-General,* for State.
*Franklin P. Owen,* for defendant.