[Crim. No. 857. Department Two.—September 2, 1902.]

THE PEOPLE, Respondent, v. JAN JOHN, Appellant.

CRIMINAL LAW—PERJURY—SWEARING TO COMPLAINT BEFORE MAGISTRATE —PLEADING.—An information for perjury alleged to have been committed in falsely swearing to a complaint before a justice of the peace, as an examining magistrate, charging a person with grand larceny, sufficiently charges the defendant with perjury, and is not defective in failing to aver that the affidavit was filed or delivered by the defendant to any one to be uttered.

ID.—INAUGURATION OF PROSECUTION—FILING OF COMPLAINT—DELIVERY. —When the defendant subscribed the affidavit and took the oath, he inaugurated a prosecution, and the offense charged being within the jurisdiction of the examining magistrate, it was his duty at once to issue the warrant of arrest. Filing of the complaint was was not required; and the defendant, not having had the custody of the complaint, had no power to deliver or withhold it.

ID.—EVIDENCE—STENOGRAPHER'S NOTES OF INTERPRETER'S TESTIMONY— HEARSAY—IMPEACHMENT.—The stenographer's notes of the testimony of an interpreter who interpreted the testimony of the defendant, who testified in Chinese at the preliminary examination, are inadmissible hearsay as against the defendant, and cannot be used for the purpose of impeaching his testimony. The fact that the interpreter testified that he accurately stated in English all that the defendant said in Chinese cannot render the stenographer's notes admissible.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial and from an order denying a motion in arrest of judgment. W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

George A. Whitehurst, George F. Carroll, and Louis F. Boardman, for Appellant.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, James H. Campbell, District Attorney, and A. H. Jarman, Deputy District Attorney, for Respondent.

TEMPLE, J.—The defendant was convicted of perjury in swearing to a complaint before a magistrate, charging one Lai

Ha with grand larceny. It is contended that the information fails to charge the defendant with the crime, because it is not stated that the affidavit was delivered to any one to be uttered, nor that it was filed or used by the magistrate, or that it affected the proceedings in any way.

Counsel is clearly in error. Section 124 of the Penal Code has no application to the case. When defendant subscribed the affidavit and took the oath, he inaugurated a prosecution. As it charged an offense which was within the jurisdiction of the justice of the peace as an examining magistrate, it became at once the duty of the justice to issue the warrant of arrest. Filing was not required, and it never was in the custody of the defendant, nor had he the power to deliver or to withhold it. *People* v. *Robles,* 117 Cal. 681, has no application.

But the court erred in admitting the evidence of what the defendant had testified at the preliminary examination. The testimony was offered for the purpose of impeaching the defendant as a witness in his own behalf, and was objected to as incompetent. What transpired is thus correctly set forth by the attorney-general in respondent's brief:—

"The defendant's testimony given in folios 306-325 was fully put in evidence in this manner:

"First, the interpreter testified that he accurately stated in English, at the examination, all that the defendant said in Chinese.

"Second, the official stenographer then testified to every word which the interpreter had stated.

"By this method, the exact words of the defendant were conveyed through the double medium of the interpreter and the stenographer to the jury; neither of them alone could have accomplished this result."

Respondent contends that this case does not fall within the case of *People* v. *Ah Yute,* 56 Cal. 119, because there the evidence of the stenographer was taken, and it does not appear, as it does here, that the interpreter was called to show that he had correctly interpreted what the witness said. This additional fact certainly avoided one possible objection. But the fact still remains that the witness was giving hearsay testimony. This is the objection which was sustained in *People* v. *Ah Yute.* The case is this: A person charged with

crime makes a confession to one John Doe; Doe meets Richard Roe and relates to him what defendant had told him. At the trial John Doe is called as a witness, and testifies that he had truly narrated to Richard Roe what the defendant said. Then it is sought to have Richard Roe state what John Doe had said, instead of asking John Doe such questions. We may suppose John Doe has a poor memory, and has forgotten the particulars of the confession, but will swear positively that he made a true statement to Richard Roe, who does remember. To admit such testimony would be to make a new rule of evidence. The following authorities bear upon this question: *People* v. *Lee Fat,* 54 Cal. 527; *People* v. *Ah Yute,* 56 Cal. 119; *People* v. *Lem Deo,* 132 Cal. 199.

Under these views it becomes unnecessary to consider the other points made by appellant.

The judgment and the orders appealed from are reversed.

McFarland, J., and Beatty, C. J., concurred.