BRONISLAW GROCZ, Respondent, v. THE DELAWARE AND
HUDSON COMPANY, Appellant.

Second Department, October 20, 1916.

Evidence — action for personal injuries — general release negotiated
through interpreter — English translation of plaintiff's statements
as communicated to defendant's agent by interpreter.

Where, in an action to recover for personal injuries, the defendant as a
separate defense set up a general release by the plaintiff, who was a
foreigner unable to speak the English language and who executed the
release on information received through an interpreter, the plaintiff
having given evidence of what the interpreter told him in his own lan-
guage about the terms of the settlement offered by the defendant's
agent when the release was signed, the defendant became entitled to
prove what the interpreter said in English to the agent concerning the
plaintiff's replies.

APPEAL by the defendant, The Delaware and Hudson Com-
pany, from a judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of
Richmond on the 5th day of May, 1916, upon the verdict of a
jury, and also from an order entered in said clerk's office on
the 17th day of May, 1916, denying defendant's motion for a
new trial made upon the minutes.

The judgment was rendered upon a special verdict and dis-
missed the second defense in defendant's amended answer.

In an action for personal injuries a general release in con-
sideration of $300, executed on February 24, 1915, was set up
as a second defense. Plaintiff's reply was to the effect that he
had been visited in the hospital by persons who did not speak
his language (Polish), and that his signature or mark was put
on the paper without knowing that it was a general release.
This issue was separately tried under Code of Civil Procedure,
section 973.

Defendant introduced the release and rested. Plaintiff,
through an interpreter, testified that a Mr. Crippen, represent-
ing defendant, called at the hospital, and that a fellow-
patient, who was a Lithuanian, interpreted to him what Crip-
pen said, telling him that the money was an advance of wages
and did not say that it was a release. Mr. Crippen was asked

what the interpreter had told Crippen in English as the plaintiff's replies in this interview. This was objected to and excluded, to which ruling defendant excepted. The jury found for plaintiff. On this appeal this exclusion is assigned as error.

*George H. Richards* [*W. D. Waldron* and *Walter C. Noyes* with him on the brief], for the appellant.

*Martin T. Manton* [*Stephen C. Machinski* with him on the brief], for the respondent.

PUTNAM, J.:

What the interpreter rendered to Crippen as plaintiff's answers should have been received. (*People* v. *Randazzio*, 194 N. Y. 147; *Wright* v. *Maseras*, 56 Barb. 521; *Commonwealth* v. *Vose*, 157 Mass. 393; Wigm. Ev. §§ 667, 668, 812; Chamberlayne Ev. § 2612; Jones Ev. [2d. ed.] § 265.)

The contention that, in order to let in such testimony, there must be an express agency through personal selection of the interpreter, or an authority implied from near relationship to the one being interpreted, is negatived by *People* v. *Randazzio* (*supra*), where the interpreter was a stranger to the prisoner, called in by the district attorney. Nor is it essential that the interpreter be himself produced as a witness. Plaintiff's previous testimony as to what this interpretor had rendered into Polish as the terms of Crippen's offer made admissible what, through that same medium, had been translated and communicated in English to Crippen.

The judgment and order should, therefore, be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., THOMAS, STAPLETON and RICH, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.