Hillsborough,
Jan. 5, 1943. } No. 3370.

MARIE OULLETTE, *by her Conservator v.* HENRI L. LEDOUX.

*Edward J. Lampron,* for the plaintiff.

*Karl E. Dowd* and *Hamblett & Hamblett* (*Mr. Robert B. Hamblett* orally), for the defendant.

ALLEN, C. J. I. The statute (R. L., *c.* 370, *s.* 13) requiring that in a case in which the Superior Court tries all issues, the decisions, on request of either party, shall be in writing and shall state the facts found and rulings of law, demands, in respect to facts, only essential findings supporting the decision, ". . . it is the *facts* that are to be reported and not the evidence" (*Burnham* v. *McQuesten,* 48 N. H. 446, 451), and no summary or statement of the evidence on which the findings are based is directed. If the conclusions on the issues of fact on which the decision is based are reported, it is enough. These conclusions have been found or are necessarily implied by the decree. No question of requests for special findings is here presented.

The defendant's position that the finding of the plaintiff's mental incompetence was "a mere statement of a conclusion" and "not a finding of fact" has no merit and deserves scant notice. A state of mind is a fact as a matter of reality, as much as any other physical feature. If it is the "announcement of a standard," it is a finding of fact that the standard has been attained.

He also presents, in support of this branch of the case, the court's failure to be specific in striking out a portion of a witness' testimony. Granting the obscurity of the ruling in showing division between the testimony retained and that stricken out, the issue is not one of fact but of the effect of a ruling. The evidence retained depends upon the construction to be given the ruling, to be later considered.

II. The plaintiff's mental incompetence having been found, the finding that in ordinary care the defendant would have been aware of it is immaterial. Equity will order restoration when a contract with a mental incompetent has been executed, even if the consideration is fair, and even if the other party has acted in good faith. As usually stated, the contract will not be voided unless restoration is possible (*Young* v. *Stevens*, 48 N. H. 133, 137; 46 A. L. R. 416, and 95 A. L. R. 1440, *Anno's.* and cases cited; Pomeroy, Eq. Juris., s. 946), but if restoration can be made, equity does not have occasion to restrict the application of the common-law rule requiring that competent minds must agree in the formation of a valid contract. It, therefore, becomes unnecessary to rule upon the sufficiency of the evidence to sustain the finding of the defendant's care. If the findings of mental incompetence and value, and the finding necessarily implied by the decree that restoration is possible, may be upheld, the decree is valid.

III. Upon the issue of the sufficiency of the evidence to prove the plaintiff's mental incompetence, a preliminary question arises of what part of the testimony of the specialist who examined the plaintiff was stricken out. The order seems unfortunate, as based upon an apparent misunderstanding of the rule against hearsay evidence in application to conversations carried on through an interpreter. Since the interpreter acts as agent for both parties in an interview between them, his translations are not objectionable under the hearsay rule (*Commonwealth* v. *Vose*, 157 Mass. 393; 116 A. L. R. Anno. 800, IV 803). In construction of the order, taking into account the apparent reason for it, whatever the plaintiff told the specialist through the interpreter was rejected, as well as what he learned from any source of the history of the plaintiff's condition. Since his opinion was in substantial measure based upon these features of his examination, it also is considered to have been stricken out. The testimony of "his personal observation" of the plaintiff alone remains.

It also seems unfortunate that the court did not have the benefit of the testimony of the parties. They were both present at the trial and so far as appears both might have testified. The appointment

of a conservator over the plaintiff's estate was no ground for invocation of the statute (R. L., *c.* 392, *ss.* 25, 26) relating to testimony of a party when the other party is a representative of an estate or a guardian of an insane person. The appointment determined the plaintiff's status as of its date, not as a mental incompetent, but as being "unfitted by reason of infirmities of age, or by other mental or physical disability," to manage her affairs "with prudence and understanding," R. L., *c.* 343, *s.* 16. The conservator has no custody or control of her person, but only is in charge of her estate, *Ib.*, *s.* 17. The appointment assumed no incapacity of the plaintiff to testify.

The result is a record mainly confined to the testimony of the plaintiff's regular physician. In passing upon the question whether the evidence warrants a reasonable conclusion of incompetency to engage in the transaction, the problem is the frequent one of a narrowly drawn application of a simple test, which here is that of capacity to transact business "like that in question" (*Upton* v. *Company*, 81 N. H. 489, 490, and cases cited; *Harvey* v. *Provandie*, 83 N. H. 236, 239, 240).

The record permits a view of a widow of about sixty and living alone. Her husband died nearly two years before the transaction here in question. She is suffering from an early and progressive old age breakdown physically and mentally, the impairment of her mental faculties being largely the result of her physical troubles. She is neurotic, emotional, worrying, has frequent dizzy spells and her memory is affected. She has been under her physician's care since a time about six months prior to the transaction in question, and has had some hospital treatment when specially upset, as well as sedatives from her physician. After she bought the property she did not recall how she happened to do so. What her business experience had been did not appear, nor was there any evidence of the circumstances of the purchase. Her physician considered her incapable of doing business at a time six months prior to the transaction, and in effect that her condition underwent no improvement. The appointment of a conservator soon after the transaction threw no light upon her capacity to engage in the transaction, and there is no presumption that the court gave it any weight in that respect.

The defendant urges that the excessive price she paid for the property is no evidence of incompetency. With due allowance for the wide range of opinion on an issue of value, the court's finding, as a final fact rather than as a final opinion, justified its consideration on the issue of competency. The relevancy of unwise and impru-

dent undertakings in their bearing on one's mental state is not doubtful. The greater the improvidence, the nearer is the approach to incapacity. If alone indecisive, it may be taken into account with other evidence.

The character of the transaction on the plaintiff's part as one of improvidence or incompetence is not clearly shown and the line between folly and incapacity is not sharply defined. Broad scope to a finding based upon opinion must be allowed, short of entrance into surmise and speculation. General knowledge may aid to make reasonable forecasts (*Vallee* v. *Company*, 89 N. H. 285, 289), and likewise it may assist in a reasonable conclusion of mental state. If in the process of weighing the evidence in a case like this the scales must be less accurate than in cases where the evidence is more concrete, the reading may yet be one of probabilities. Inferences from subjective tests are not unreasonable because less positive than those of objective assays. It is thought that the finding of incapacity could reasonably be made.

IV. On the issue of the defendant's ability to repay the purchase price, the defendant must prevail. No evidence to support the finding is found. The fact that the trial took place about three months after he received money payment of nine-elevenths of the purchase price is not enough to show that he retained it, and there is no evidence of his general resources sufficient to enable him to perform the decree.

But the failure of the plaintiff to establish this issue does not entitle the defendant to a dismissal of the bill. Equity having general jurisdiction of the proceeding, and the transaction having been set aside, the plaintiff is entitled to relief "upon such terms as justice to both parties requires" (*Newton* v. *Tolles*, 66 N. H. 136, 139) "down to the close of the litigation between the parties" (*Manchester &c. Co.* v. *Conn*, 80 N. H. 455, 461). The decree may be modified upon the defendant's request by substitution of a judgment for the plaintiff for the amount of the difference between the price paid for the property and its value as found, with credit for the mortgage debt if the defendant has not assigned it.

V. Whether, in view of the errors of law herein pointed out, on motion of either party a new trial might in justice be granted, or whether the law of the trial adopting the errors is a bar to such a motion, is an inquiry upon which no views are expressed.

*Case discharged.*

All concurred.