In the Matter of the Will of JOSEPHINE NOLE, Deceased.
JOSEPH NOLE, Appellant; BRODIE G. HIGLEY, as Special
Guardian for MARIE J. NOLE, an Infant, Respondent.

First Department, February 11, 1944.

*Louis Susman* of counsel (*Oliver E. Davis,* attorney), for
appellant.

*Brodie G. Higley* for respondent.

*Per Curiam.* Probate of the purported will of Josephine
Nole, deceased, has been denied on the ground that the proof
was insufficient to show that decedent understood the contents
of the document.

The evidence showed that the paper was prepared by a
lawyer who had been consulted by decedent and to whom she
had given instructions concerning her testamentary intentions.
Decedent was of Italian birth, but had been forty years in this
country. She owned real estate and had bank accounts. There
was a dispute (which, in fact, was the main issue involved) as
to the extent to which decedent understood the English language.
At the time of execution the contents of the document, after
being read by the lawyer in English, were interpreted by
decedent's son. His selection to act as interpreter was appar-
ently with the consent of deceased. No one could swear to the
correctness of the translation, for the son had since died, and
the lawyer and another who acted as subscribing witnesses did
not understand the Italian language. If the interpreter was

one selected by common consent of the parties, it might well be that under such circumstances his interpretation would *prima facie* be deemed correct. (*People* v. *Sing,* 242 N. Y. 419; *Commonwealth* v. *Vose,* 157 Mass. 393.)

The testimony to support probate was taken by deposition which was read into the record. The daughter-in-law of decedent testified orally against probate. There was some contradiction on the subject of decedent's knowledge of English, but the proof was very scanty on this subject. There was no proof whatever as to the son's knowledge of Italian.

We deem that the interest of justice requires a new trial at which further proof may be introduced on the vital issues involved.

The decree should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

TOWNLEY, GLENNON, COHN and CALLAHAN, JJ., concur; MARTIN, P. J., dissents and votes to affirm for the reasons stated in the opinion of the surrogate.

Decree reversed and a new trial ordered, with costs to the appellant to abide the event.