Argued and submitted July 30, affirmed August 25,
reconsideration denied October 2,
petition for review allowed November 20, 1980

STATE OF OREGON,
*Respondent,*
*v.*
LARRY EUGENE LETTERMAN,
*Appellant.*

(No. 26407, CA 16726)

616 P2d 505

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Dale L. Anderson, Deputy District Attorney for Polk County, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Defendant appeals from his conviction, after trial to the court, of burglary in the second degree. The issue is whether testimony by a police officer of statements made by defendant to the officer through an interpreter were properly admitted over defendant's timely objection. We hold that they were, and affirm.

The evidence shows that after defendant was arrested, he was interviewed by Officer Laudenback of the Monmouth Police Department. Since Officer Laudenback was unable to communicate effectively with defendant, who is a deaf-mute, the officer obtained the services of Shirley Shisler, an interpreter. Ms. Shisler translated Laudenback's questions from English into sign language, and translated defendant's answers from sign language to English. Ms. Shisler testified that at the time of the interview between defendant and the officer she translated all questions and answers accurately. She was unable, however, to recall any of the answers given by defendant to the officer's questions. Officer Laudenback testified that during the interview defendant stated, through the interpreter, that while accompanied by a friend he had entered the Monmouth Post Office while it was closed to the public and stolen an AM/FM tuner, an amplifier, and two speakers. Defendant objected to this testimony on the ground that it was inadmissible hearsay. The trial court overruled the objection, and subsequently entered a judgment of conviction against defendant.

Defendant does not question Ms. Shisler's qualifications as an interpreter. Ms. Shisler is the daughter of deaf parents and has interpreted professionally since 1968. She has been coordinator of interpreter trainees at Oregon College of Education since 1976, instructing students training to be interpreters for the deaf. Ms. Shisler has the Comprehensive Skill Certification awarded by the National Registry of Interpreters for the Deaf and is the only

person in Oregon to hold Legal Skill Certification, awarded by the same organization.

The accuracy of Ms. Shisler's translation of defendant's answers during his interview with Officer Laudenback is not an issue. Ms. Shisler testified that the code of ethics promulgated by the National Registry requires interpreters to translate accurately, within the spirit of the speaker. As noted above, she testified she accurately translated the conversation between defendant and the officer; defendant concedes the accuracy of the translation.

Officer Laudenback's testimony concerning defendant's out-of-court statements is hearsay, that is, testimony of a statement made out of court, offered to show the truth of the matters asserted therein. *Timber Access Ind. v. U.S. Plywood,* 263 Or 509, 503 P2d 482 (1972); McCormick, Evidence § 246 (2d ed. 1972). The hearsay consists of two levels: (1) the interpreter's translation to the officer of defendant's statements; and (2) the officer's testimony of the interpreter's translation. If Ms. Shisler, the interpreter, were able to testify to defendant's extrajudicial statements, that testimony would be admissible as defendant's admissions. *See, e.g.,* IV Wigmore on Evidence § 1048 (1972 ed). The second level of hearsay, the officer's testimony of the interpreter's translation, does not, however, fit neatly into any of the generally recognized exceptions to the hearsay rule.

The courts and commentators that have addressed the admissibility of testimony concerning extrajudicial statements made to the witness through an interpreter are divided on the issue. In 2 Wharton's Criminal Evidence § 271 at 20 (13th ed. 1972) it is stated:

> "* * * [A] witness cannot testify to an extrajudicial statement by another person, spoken in a language not understood by him, but translated for him by an interpreter, as such repetition by the witness of the interpreter's statement of what the other person said would be hearsay."

[1148]

Cases following this rule include *People v. Petruzo,* 13 Cal App 569, 110 P 324 (1910); *People v. John,* 137 Cal 220, 69 P 1063 (1902); *State v. Fong Loon,* 39 Id 248, 158 P 233 (1916); *State v. Terline,* 23 R.I. 530, 51 A 204 (1902). *People v. Petruzo, supra,* a prosecution for murder, involved the admissibility of the victim's dying declaration, made to the witness through an interpreter. The court stated:

"It is, of course, well settled that a witness is incompetent to testify to a declaration made by a party when it is necessary to have it translated before it can be understood by the witness. It is clearly hearsay, as the witness necessarily testifies to what the interpreter declares that the other party said. People v. Ah Yute, 56 Cal. 119; People v. John, 137 Cal. 220, 69 Pac. 1063." 110 P at 326

An exception to this rule is recognized in VI Wigmore on Evidence § 1810 at 376 (1976 ed.):

"Where a witness on the stand is asked to testify to the *words* of A *uttered out of court,* as translated to him by M interpreting between them, the witness is not qualified by personal knowledge of A's utterances [reference omitted], and may not testify; the interpreter M is the only qualified witness. But if A, whose utterances are to be testified to, is a party opponent, then he may be regarded as having made M his agent to translate, and thus M's translations are admissions erence omitted, usable against A." (emphasis in original)

Among those cases holding such testimony admissible on an agency theory are *Commonwealth v. Vose,* 157 Mass 393, 32 NE 355 (1892), and *People v. Randazzio,* 194 NY 147, 87 NE 112 (1909). *Cf. People v. Chin Sing,* 242 NY 419, 152 NE 248 (1926) (no agency when defendant did not select or consent to interpreters); *State v. Terline,* 23 R.I. 530, 51 A 204 (1902) (court notes exception to rule of inadmissibility in cases in which the interpreter is the agent of the person making the extrajudicial statement—dictum). In *People v. Randazzio, supra,* 87 NE at 116, the court, in holding admissible testimony by a stenographer

about statements made by the defendant to the district attorney through an interpreter, discussed the agency theory:

> "* * * In Jones on Evidence (2d Ed.) § 265, it is stated that, 'when a person selects an interpreter to communicate with another person and to receive the answers, such interpreter is the accredited agent of the one employing him, and the statements of the interpreter in the course of the employment are admissible as original evidence, and are in no sense hearsay.' It is claimed, however, that . . . the interpreter, was not selected by the defendant, but was selected by the district attorney. Assuming that he was so selected, still the defendant made use of him in communicating his statements to the district attorney. The interpreter, therefore, must be deemed to act for both parties, and the statements made by the defendant consequently became original evidence the same as if the defendant had himself first selected the interpreter."

It is apparent from *People v. Randazzio, supra,* and *Commonwealth v. Vose, supra,* that the underlying basis of the admissibility of such testimony is the necessity of the use of an interpreter to enable two people who cannot understand each other to communicate. As stated in *People v. Randazzio:*

> " * * * We do not, however, deem it essential that the interpreter should be the agent of either party; for a person who is unable to speak or understand our language is compelled by necessity to communicate his ideas through the means of an interpreter, and it matters not whether the interpreter be selected by him or some other person in order to make his statement original evidence. Of course, if there has been an error in correctly interpreting his statement, he is not bound thereby." 87 NE at 116.

Similarly, the court in *Commonwealth v. Vose, supra,* stated:

> "The defendant excepted to the admission in evidence of a conversation between him and the deceased person carried on through an interpreter, he speaking English and she French, and the witness

[1150]

understanding only French. When two persons who speak different languages, and who cannot understand each other, converse through an interpreter, they adopt a mode of communication in which they assume that the interpreter is trustworthy, and which makes his language presumptively their own. Each acts upon the theory that the interpretation is correct. Each impliedly agrees that his language may be received through the interpreter. If nothing appears to show that their respective relations to the interpreter differ, they may be said to constitute him their joint agent to do for both that in which they have a joint interest. They wish to communicate with each other, they choose a mode of communication, they enter into conversation, and the words of the interpreter, which are their necessary medium of communication, are adopted by both, and made a part of their conversation as much as those which fall from their own lips. They cannot complain if the language of the interpreter is taken as their own by any one who is interested in the conversation." 32 NE at 355.

To the same effect is *Guan Lee v. United States,* 198 F 596, 610 (7th Cir 1912).

Were this court to adopt the rule stated in *People v. Randazzio* and *Commonwealth v. Vose,* there would be ample reason for deeming the interpreter to be the joint agent of both Officer Laudenback and defendant. Although Ms. Shisler was called by Officer Laudenback, she was acquainted with defendant from contacts at Oregon College of Education and had interpreted for him on several previous occasions. Rather than rest the admissibility of Officer Laudenback's testimony on an implied agency, however, we find that the testimony is admissible because it satisfies the two requirements common to most, if not all, of the exceptions to the hearsay rule: (1) circumstantial guarantees of trustworthiness, and (2) necessity for use of the out-of-court statement. *State v. Derryberry,* 270 Or 482, 528 P2d 1034 (1974); *Timber Access Ind. v. U.S. Plywood,* 263 Or 509, 503 P2d 482 (1972). In

*Timber Access,* the court held that testimony about an extrajudicial statement by defendant's former operations manager of its Willamina plant that he had contracted unconditionally to buy certain logs was admissible. While acknowledging that the statement did not qualify under any of the generally recognized exceptions to the hearsay rule, the court found that the declarant's words had "an aura of trustworthiness about them which makes evidence of them admissible." 263 Or at 519. The court stated:

> "The admission of a statement which cannot be neatly categorized into one of the traditional exceptions to the hearsay rule is not unknown in this country. For example, in *G. & C. Merriam Co. v. Syndicate Pub. Co.,* 207 F 515, 518 (2d Cir 1913), Judge Learned Hand, then a district judge, having been unable to find a case on point which would allow the admission of a statement in the preface of a dictionary as evidence of the facts it recited, relied solely on Wigmore on Evidence and Wigmore's analysis that the requisites of an exception to the hearsay rule are necessity and circumstantial guaranty of trustworthiness. Wigmore on Evidence §§ 1421, 1422, 1690 (1st ed 1913). In *Dallas County v. Commercial Union Assurance Co.,* 286 F2d 388 (5th Cir 1961), the court followed the analysis of Judge Learned Hand in considering the admission of a newspaper article under Rule 43(a) of the Federal Rules of Civil Procedure. In closing its opinion, the court said:
>
> > ' * * * We do not characterize this newspaper as a "business record," nor as an "ancient document," nor as any other readily identifiable or happily tagged species of hearsay exception. It is admissible because it is necessary and trustworthy, relevant and material, and its admission is within the trial judge's exercise of discretion in holding the hearing within reasonable bounds.' 286 F2d at 397-98."
>
> 263 Or at 521.[1]

---

[1] *Dallas County v. Commercial Union Assurance Co.,* cited in *Timber Access,* involved the question of the admissibility of an unsigned article in a local newspaper published over 50 years earlier to show that a

The testimony here has excellent circumstantial guarantees of trustworthiness. Defendant has a strong interest in the accuracy of interpretation of his conversations. The interpreter's qualifications are unassailable, and she was familiar with the defendant and his level of communication. She testified to the accuracy of the interpretation, and was subject to cross-examination on her methods. Further, as noted above, defendant does not challenge the accuracy of the translation.

In addition, use of the testimony is necessary here. Defendant did not testify at trial. In the absence of the testimony there would be insufficient evidence to corroborate the testimony of defendant's accomplice, who testified against defendant. *See* ORS 136.440. The officer's testimony is the only available source of the evidence. As pointed out in *People v. Randazzio, Commonwealth v. Vose,* and *Guan Lee v. United States,* all *supra,* the necessity of using an interpreter when communicating with defendant also weighs heavily toward admitting the evidence.

We are mindful of the concern expressed by the court in *State v. Derryberry,* 270 Or 482, 528 P2d

---

fire occurred in the county courthouse during its construction. The court found that the article did not fit any recognized hearsay exception, but concluded that because the evidence was trustworthy and necessary, it was admissible. *Dallas County* is cited in the Report of Senate Committee on the Judiciary on Rule 803(24) of the Federal Rules of Evidence to illustrate the type of case in which the rule should apply. Rule 803(24) provides:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\* \* \* \* \*

"(24) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. \* \* \*"

1034 (1974), that the recognition of new exceptions to the hearsay rule must not "undermine the foundations underlying much of the present law of hearsay evidence." 270 Or at 491. In admitting the testimony here, which satisfies the requirements of trustworthiness and necessity, we are confident that the foundations of the hearsay rule will remain undamaged.

Affirmed.