**Christie DURBIN, John Durbin, and Christie Durbin as Next Friend of Adam Durbin, Appellants,**

v.

**Anthony HARDIN and Manuela Hardin, Appellees.**

No. 05–89–00073–CV.

Court of Appeals of Texas, Dallas.

Aug. 3, 1989.

Rehearing Denied Sept. 11, 1989.

Bruce A. Pauley, Rowlett, for appellants.

Kevin J. Cook, James K. Campbell, Dallas, for appellees.

Before WHITHAM, LAGARDE and KINKEADE, JJ.

LAGARDE, Justice.

Christie Durbin, John Durbin, and Christie Durbin as next friend of Adam Durbin (the "Durbins") appeal an order of dismissal which was entered after the trial court granted Manuela and Anthony Hardin's (the "Hardins") special appearance. In three points of error, the Durbins contend that: (1) the trial court erred in excluding as hearsay the testimony of a police officer as to statements against the interest of Manuela which she made to the officer through an interpreter; (2) the trial court erred in granting the Hardins' special appearance since the testimony of the investigating officer, had it been admitted, raised a fact issue as to whether or not the Hardins knowingly entrusted their automobile to Francisco Rodriguez, who caused the accident; and (3) this Court should decline to follow, or should overrule, *Gulf, C. & S.F. Ry. Co. v. Giun, et al.*, 131 Tex. 548, 116 S.W.2d 693 (Tex.Comm'n App.1938, opinion adopted). For reasons that follow, we overrule all three points of error and affirm.

Christie was injured on July 22, 1986, when Rodriguez, while driving the Hardins'

1980 Chevrolet, ran a stop sign and collided with Christie's vehicle. Christie was several months pregnant at the time, and she later delivered Adam, who was born with significant and serious birth defects which the Durbins believe to be a direct result of the accident.

The accident was investigated by Officer Kevin Lindsay of the Balch Springs Police Department. Because Rodriguez spoke only Spanish and Lindsay spoke only English, Officer Pete Lopez was called to the scene to translate. Rodriguez made a brief statement and then refused to speak any more when Manuela came upon the scene. Manuela and Officer Lindsay then had a conversation, through Officer Lopez, regarding the Hardins' vehicle. Although she apparently speaks fluent English, as her attorney admitted, Manuela chose to speak in Spanish. According to Officer Lindsay, Manuela stated, through Officer Lopez, that Rodriguez had permission to take the Hardins' automobile to wash it. Manuela denies ever saying this.

The Durbins brought this lawsuit against Rodriguez for negligence and against the Hardins for negligent entrustment. Rodriguez was never served and was subsequently nonsuited. At the time that the Hardins were served with citation, they were living in Chicago, Illinois. The Hardins filed a special appearance, stating that they no longer lived in Texas and objecting to the jurisdiction of the Texas courts because they were not amenable to the process issued by Texas courts. They also alleged that they did not commit a tort in Texas because Rodriguez was driving their automobile on July 22, 1986, without their authority, permission, or knowledge.

A hearing was held on the Hardins' special appearance on September 23, 1988. The only evidence offered at the hearing was excerpts from the Hardins' depositions, offered on their behalf, and the deposition testimony of investigating Officer Lindsay, offered on behalf of the Durbins. Manuela testified that Rodriguez did not have permission to drive the vehicle.[1] An-

1. Manuela gave her deposition testimony in English.

thony concurred and also stated that he filed a stolen vehicle report.

Officer Lindsay was a traffic supervisor for the Balch Springs Police Department who "worked" the accident of June 22, 1986, and completed the accident report. He talked to Manuela on the day of the accident. Officer Lindsay was allowed to testify that on the day of the accident he had no reason to believe that Rodriguez did not have permission to drive the Hardins' vehicle; however, because he spoke with Manuela through an interpreter, much of Officer Lindsay's testimony was excluded as hearsay.

Subsequently, the Durbins presented and filed a bill of exceptions which set forth Officer Lindsay's testimony regarding Manuela's statements to him. Had Officer Lindsay's testimony been allowed at the special appearance hearing, he would have testified that: Manuela did not tell him that Rodriguez was operating the vehicle without permission; when a vehicle owner tells him at an accident scene that the driver did not have permission to drive the vehicle, his normal procedure is to immediately arrest the driver; he had no reason to believe that Rodriguez was driving the vehicle without permission; based on his conversation with Manuela, all indications were that Rodriguez had permission to drive the vehicle on the day of the accident; and that Manuela never complained to Officer Lindsay that Rodriguez was driving the vehicle without permission or that Rodriguez had stolen the vehicle.

The Durbins' original petition alleged sufficient facts to subject the Hardins to the jurisdiction of the Texas courts. Having met the threshold requirement, the burden then shifted to the Hardins to prove that the Texas courts did not have jurisdiction. *See Carbonit Houston, Inc. v. Exchange Bank*, 628 S.W.2d 826, 829 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The only basis of jurisdiction alleged by the Durbins in their petition was the commission of the tort of negligent entrustment by the Hardins. The tort of negligent entrustment requires evidence that the defendant entrusted the vehicle to the negligent driver. *See Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex.1987).

At the special appearance hearing, the Hardins demonstrated that they did not entrust the vehicle to Rodriguez, because they never gave Rodriguez permission to drive their vehicle; as a result, they did not commit a tort in the State of Texas; and being non-residents, the court lacked personal jurisdiction over them. Before this Court, the Durbins argue that the trial court erroneously excluded Officer Lindsay's testimony; thus, erroneously granted the special appearance.

The Durbins argue that, although *Giun* is facially opposed to their contention, that case is distinguishable or, alternatively, should be overruled. *Giun* involved a lawsuit filed against a railroad company by the deceased's wife. The widow attempted to testify as to what the engineer (who operated the train on the date that the deceased was hit by the train) told her through an interpreter. The trial court refused to permit the widow to testify concerning what an engineer stated in a conversation with her through an interpreter at the scene of the accident shortly after it occurred. The Commission of Appeals determined that the trial court properly excluded the testimony as hearsay. The court noted:

> "A person conversing with a third person through an interpreter is not qualified to testify to the other person's statements, because he knows them only through the hearsay of the interpreter. Ordinarily, therefore, the third person's words cannot be proved by anyone except the interpreter himself."

*Giun*, 116 S.W.2d at 696.

The Durbins contend that the language of *Giun* implies that, had the engineer provided the interpreter or adopted the interpreter as his agent, then the widow Guin's testimony of what the engineer told her through the interpreter would have been admissible. The court stated:

> It appears from the record that Melisio [the interpreter] accompanied Maria [the widow] to the scene of the accident and was asked by her, and by her alone, to

talk for her as interpreter. There is no evidence that the engineer agreed to accept the services of an interpreter or took recognition of Melisio in any way. If Maria was not qualified in the state of the record to testify of her own knowledge what the engineer said, her proferred statement of what Melisio said he said, was not competent and was correctly excluded, regardless of the correctness of the objection urged to its admission. Such testimony would have been nothing more than Maria's statement of what Melisio said.

*Giun,* 116 S.W.2d at 696.

The Durbins assert that, here, Manuela adopted Officer Lopez as her agent in conversing with Officer Lindsay. The Durbins maintain it is uncontested that Manuela speaks fluent English; however, she chose to speak Spanish on July 22, 1986, at the accident scene. The Durbins submit that in choosing to speak to Officer Lindsay in Spanish and, thus, through an interpreter, rather than to speak directly to him in English, Manuela adopted the interpreter as her agent. The Durbins further contend that Officer Lindsay's testimony should be allowed and that to hold otherwise would be contrary to public policy and would "allow bi- or multi-lingual individuals to hide behind the cloak of the hearsay rule." We disagree.

■ In support of *Giun,* the commentators likewise conclude that testimony regarding an interpreter's translation which is made to a third person is inadmissible hearsay:

> If a declarant makes a statement in a foreign tongue and A translates the statement to B who does not understand the language in which it was originally spoken, the original declaration may be admissible if proper proof of it is made, as an admission of a party. Is B's evidence as to A's report to him of the declaration admissible? It is clear that it is violative of the hearsay rule and inadmissible. *It is necessary to produce the interpreter himself as a witness and have him testify to the terms of the declaration.*

1A R. Ray, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 789 (Texas Practice 3d ed. 1980) (footnote omitted). The Durbins failed to call the interpreter as a witness. As a result, the testimony the Durbins offered regarding Manuela's statements at the accident scene was inadmissible hearsay. The Durbins ask this Court to rule that Manuela adopted the interpreter as her agent; however, there is nothing in the record to support an adoption by Manuela of the interpreter as her agent. Moreover, Manuela testified that the interpreter spoke Spanish poorly, and there is no evidence that Manuela asked that an interpreter be brought to the scene. Thus, we conclude that the trial court properly excluded Officer Lindsay's testimony insofar as he attempted to testify as to the interpreter's translation.

In the alternative, the Durbins urge this Court to overrule *Giun.* Citing *State v. Letterman,* 47 Or.App. 1145, 616 P.2d 505, aff'd, 627 P.2d 484 (1980), in support of this proposition, they argue that other jurisdictions that have allowed individuals to testify as to what was said to them through an interpreter have done so in reliance upon the two requirements common to most hearsay exceptions: (1) necessity for use of the out-of-court statement and (2) circumstantial guarantees of trustworthiness. We decline their invitation to overrule *Giun.*

■ On appeal, it is the duty of this Court to review all of the evidence before the trial court on the question of jurisdiction. *Carbonit,* 628 S.W.2d at 829. Where there is sufficient evidence to support a court's ruling sustaining a special appearance, it should be affirmed. Based on the Hardins' testimony that Rodriguez was not given permission to drive the vehicle, we conclude that the evidence is sufficient to support the ruling of the trial court. Moreover, there was no admissible evidence to negate this evidence. As previously stated, Officer Lindsay's testimony regarding the interpreter's translation is inadmissible as hearsay. In addition, Officer Lindsay's testimony that he had no reason to believe that Rodriguez was driving the vehicle

without permission is of no moment. This evidence is mere speculation and is, therefore, irrelevant and immaterial.

We overrule the Durbins' three points of error and affirm the trial court's judgment.