The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Louis L. GUTIERREZ, Defendant–
Appellant.

No. 94CA0396.

Colorado Court of Appeals,
Div. I.

Sept. 14, 1995.

Rehearing Denied Oct. 12, 1995.

Certiorari Denied April 22, 1996.

* Sitting by Assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Robert M. Russel, First Assistant Attorney General, Denver, for plaintiff-appellee.

David Vela, State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge TAUBMAN.

Defendant, Louis Gutierrez, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of selling and conspiracy to sell cocaine. We affirm.

In April 1993, an undercover narcotics officer with the Boulder County Sheriff's Office was introduced by a confidential informant to a drug dealer. The informant previously had been arrested for selling cocaine and sought by his cooperation to receive a more favorable sentence. Because the dealer spoke only broken English, the informant served as a translator in the meetings which subsequently took place among the three men.

After completing two purchases of cocaine from the dealer, the officer sought to buy a larger quantity, as a means of identifying and arresting the dealer's source. Arrangements were made for the officer, the informant, and the dealer to meet at a local bar to complete the larger purchase.

The night of the planned drug purchase, the three men were seated together at the bar, with the informant translating the conversation between the officer and the dealer. At trial, the officer testified that the dealer, through the informant/interpreter, announced a detailed plan in which the source would enter the bar and meet with the dealer in the bathroom to verify the deal and they would then leave, obtain the cocaine, and signal the buyer to meet them in the parking lot.

At the designated time, the defendant entered the bar and went directly to the bathroom. The officer testified that, upon the defendant's entrance, the dealer advised the informant and the officer that "his guy was now walking down there." The dealer immediately proceeded to the bathroom and the procedure previously described by the informant as being the plan for purchase occurred, with defendant following the routine designated for the source. The purchase was completed in the parking lot and defendant, seated in a nearby car, was arrested.

At trial, the officer related the informant's contemporaneous, out-of-court translation of the dealer's statements. Portions of the officer's testimony were corroborated by the testimony of the dealer. However, the dealer denied that he had indicated the defendant was the source of his drug supply. The informant/interpreter did not testify.

The defendant's sole contention on appeal is that the trial court erred in admitting testimony relating an interpreter's out-of-court translation of statements made by a third person. We are not persuaded.

■ The Colorado Rules of Evidence strongly favor the admission of relevant evidence. *People v. Czemerynski*, 786 P.2d 1100 (Colo.1990). Trial courts are accorded considerable discretion in deciding questions concerning the admissibility of evidence, and absent an abuse of that discretion, evidentiary rulings will be affirmed. *People v. Ibarra*, 849 P.2d 33 (Colo.1993).

A.

Following the reasoning of *United States v. Nazemian*, 948 F.2d 522 (9th Cir.1991), *cert. denied*, 506 U.S. 835, 113 S.Ct. 107, 121 L.Ed.2d 65 (1992), the trial court concluded that the informant was acting merely as a "language conduit" for communication between the officer and the dealer and, thus, analyzed the interpreted statements as though made directly by the dealer. We perceive no error in the court's ruling.

■ A co-conspirator's statement, which is made during the course of and in furtherance of a conspiracy, is not hearsay and is admis-

sible against the other conspirators pursuant to CRE 801(d)(2)(E).

The trial court first found that a preponderance of the evidence demonstrated the existence of a conspiracy between the dealer/declarant and the defendant and that the statements at issue were made during the course and in furtherance of the conspiracy. *See People v. Montoya*, 753 P.2d 729 (Colo. 1988).

The defendant does not now contest this finding, in effect conceding the statements to be admissible but for the translation. Rather, he asserts that translation of the dealer's statements from Spanish into English renders testimony relating the statements inadmissible hearsay.

Citing *Gallegos v. People*, 157 Colo. 484, 492, 403 P.2d 864, 868 (1965), the defendant argues that, as a general rule, "a witness may not testify to another's statements made in conversation through an interpreter, because such testimony, being based upon interpretation rather than personal knowledge, is hearsay." However, *Gallegos* was decided prior to the promulgation of the Colorado Rules of Evidence, which became effective January 1, 1980. Thus, *Gallegos* does not control the case before us. *See People v. Garner*, 806 P.2d 366 (Colo.1991).

CRE 801(d)(2)(E) was adopted in a form identical to Fed.R.Evid. 801(d)(2)(E), and accordingly, we consider federal precedent persuasive in resolving this issue. *See King v. People*, 785 P.2d 596 (Colo.1990).

■ Even though there exists a split in federal authority, the general rule set forth in *Gallegos v. People, supra*, has, in our view, been modified as a result of the adoption of the Federal Rules of Evidence and its state counterparts. Thus, a growing majority of jurisdictions now allows admission of translated testimony in appropriate circumstances assuring its reliability, on the theory that the interpreter serves as an agent of, or a language conduit for, the declarant. *See United States v. Nazemian, supra* (appropriate to make case-by-case determination whether a defendant's translated statements should be considered statements made by defendant); *United States v. Cordero*, 18 F.3d 1248 (5th Cir.1994) (adopting as persuasive on this issue the reasoning of the Second and Ninth Circuits); *United States v. Koskerides*, 877 F.2d 1129 (2d Cir.1989) (except in unusual circumstances, an interpreter is no more than a language conduit whose translation does not create an additional level of hearsay); *United States v. Alvarez*, 755 F.2d 830 (11th Cir.1985) (translation admissible where interpreter had sufficient capacity to translate and no motive to mislead); *United States v. Beltran*, 761 F.2d 1 (1st Cir.1985) (translated statements were more properly characterized as statements by the defendants); *but see Kalos v. United States*, 9 F.2d 268 (8th Cir.1925) (error to admit testimony when there was no proof, claim, or intimation that defendant did or could understand the conversation in language foreign to him or that it was explained to him); *People v. Romero*, 78 N.Y.2d 355, 581 N.E.2d 1048 (1991) (testimony admitted in error when case hinged on jury's acceptance of paid police informant's translation of defendant's statements).

State courts whose evidentiary rules also mirror their federal counterparts have reached similar conclusions. *See generally* Annot., *Admissibility of Testimony Concerning Extrajudicial Statements Made to, or in the Presence of, Witness Through an Interpreter*, 12 A.L.R.4th 1016 (1994 Supp.).

In making its determination that the testimony relating the interpreted statements was admissible as made by the dealer/declarant through a language conduit to the officer, the trial court adopted the analysis set forth in *United States v. Nazemian, supra*. We agree that the vitality of *Gallegos* has been eroded by the adoption of CRE 801(d)(2)(E), and that the *Nazemian* analysis should be followed in Colorado. *See* 4 J. Weinstein & M. Berger, *Evidence* ¶ 801(d)(2)(C)[01] at 801–279 (1988) (fn. 34) ("Provided the interpreter has a sufficient capacity, and there is no motive to misrepresent, the interpreter is treated as the agent of the party and the statement is admitted as an admission unless circumstances are present which would negate the presumption of agency.")

The *Nazemian* analysis considers: 1) whether actions taken subsequent to the con-

versation were consistent with the statements translated; 2) the interpreter's qualifications and language skill; 3) whether the interpreter had any motive to mislead or distort; and 4) which party had supplied the interpreter.

Here, the trial court concluded: 1) that the informant's translated account of what was to transpire was borne out exactly; 2) that the interpreter had accurately translated conversations between the officer and the dealer on previous occasions; 3) that the informant had no motive to mistranslate, but rather an incentive to provide accurate information; and 4) as in *Nazemian*, the fact that the police had supplied the interpreter was not dispositive.

■ Our review of the record reveals that these conclusions were well-supported by evidence adduced at the hearing.

First, the officer's account of what the dealer had told him through the interpreter was borne out precisely on three separate occasions.

Second, the reliability of the interpretation is buttressed by testimony that the dealer spoke broken English and communicated directly with the officer in English in part and that the officer spoke broken Spanish, well enough to understand the gist of conversations occurring between the informant and the dealer in Spanish. Indeed, one meeting between the dealer and the officer took place without the interpreter being present.

Third, while an informant may have an incentive to mistranslate in order to obtain a reduced sentence, *see People v. Romero, supra*, under the circumstances presented here, there is support for the trial court's conclusion that the informant had an incentive to tell the truth. This is particularly so in light of testimony that people apparently associated with defendant were engaged in countersurveillance of the dealer to assure that he completed a drug transaction.

Finally, even though the police supplied the interpreter, there was evidence to support his reliability in that he had served successfully as an informant in other transactions.

Under these facts, we perceive no abuse of discretion in the trial court's use and application of the standards set forth in *United States v. Nazemian, supra*, to admit the evidence in question. Hence, there is no reversible error.

### B.

Defendant also argues that the admission of the interpreter's statements violated his right to confrontation under the Sixth and Fourteenth amendments and Colo. Const. art. II, § 16.

 In view of our decision that the interpreter was merely a language conduit and the fact that the dealer/declarant testified at trial, we reject this contention.

The judgment is affirmed.

METZGER and PLANK, JJ., concur.