**J. Ysidro Alvarado GOMEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–00–00421–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 17, 2001.

---

John Samuel Paul, Bryan, for Appellant.

James Kuboviak, I Richard Price, Bryan, for State.

Panel consists of Justices MIRABAL, JENNINGS, and DUGGAN.*

## OPINION

MIRABAL, Justice.

A jury convicted appellant, J. Ysidro Alvarado Gomez, of driving while intoxicat-

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

ed.[1] During the sentencing phase of the trial, appellant pled true to a prior conviction for DWI. In conformance with an agreement between the parties regarding punishment, the trial court assessed punishment at 175 days in jail and a $1500 fine. We affirm.

## BACKGROUND

Richard Andrade was at home watching television when he heard a noise. Within a minute or less, he went outside and saw a car in the ditch. Andrade did not see who had been driving the car, but saw only appellant near the car.

Officer C.J. Peters was dispatched to the accident scene. When he arrived, Peters saw the car in the ditch and spoke to appellant. Because appellant spoke only Spanish, and Peters spoke little Spanish, Andrade acted as an interpreter between Peters and appellant.

At trial, Andrade testified that when Officer Peters asked appellant if he had been drinking, appellant said that he had drunk two or three beers; Andrade relayed this information to Peters.

Peters testified that Andrade, acting as interpreter, told him that appellant stated that (1) appellant had been driving the car and (2) the car's wheels had locked up and the brakes had failed. Appellant objected to Peter's testimony, asserting that such testimony constituted inadmissible double hearsay. However, the trial court noted that if appellant had made the statement directly to Officer Peters in English, then it would not be hearsay. The trial court stated: "The fact that there's an interpreter there would give him extra protection

---

1. *See* TEX. PEN.CODE ANN. §§ 49.04(a), 49.09(a) (Vernon Supp.2001).

that I'm not sure that the law is affording him." The trial court ruled that the testimony was admissible.

Andrade also testified that, sometime following the accident, appellant came to his house to ask him to say that he was not driving the car at the time of the accident; appellant told Andrade that his cousin had been driving the car. Because he had not seen who was driving the car, Andrade told appellant that he could not say that appellant was not driving. Andrade testified that during this conversation, he and appellant spoke only Spanish.

In his sole issue, appellant complains that Peters's testimony regarding appellant's statement, as reported by Andrade, that appellant was driving the car, was inadmissible hearsay.

## DISCUSSION

In order to establish the offense of driving while intoxicated, the State must prove that the defendant was intoxicated while operating a motor vehicle in a public place. TEX. PEN.CODE ANN. § 49.04(a) (Vernon Supp.2001); *Moore v. State*, 981 S.W.2d 701, 706 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd). Appellant contends that, other than the inadmissible hearsay testimony of Peters, there is no evidence to show that appellant was "operating a motor vehicle in a public place" while intoxicated.

 Hearsay is an out-of-court statement offered as evidence to prove the truth of the matters asserted. TEX.R. EVID. 801(d). The admissibility of hearsay evidence is a question for the trial court to resolve, reviewable only under an abuse of discretion standard. *Coffin v. State*, 885 S.W.2d 140, 149 (Tex.Crim.App.1994). The appellate court should not conduct a de novo review; its role is limited to determining whether the record supports the trial court's ruling. *Id.* A trial court abus-

es its discretion when it so deviates from applicable guidelines and principles that the decision falls outside the zone of reasonable disagreement. *See Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex.Crim. App.2001).

Appellant correctly acknowledges that, if he had directly told Officer Peters in English that he had been driving the car, then such statement would be admissible as either (1) a rule 801(e)(2) non-hearsay admission by a party-opponent or (2) an exception to the hearsay rule as a statement against interest. *See* TEX.R. EVID . 801(e)(2), 803(24). However, appellant contends that no exception applies to Andrade's translation of appellant's statement that he was driving the car.

In support of this contention, appellant relies on the holding in *Durbin v. Hardin*, 775 S.W.2d 798 (Tex.App.—Dallas 1989, writ denied). The *Durbin* court concluded that testimony based on an interpreter's translation was inadmissible hearsay. *Id.* at 801. In that case, Francisco Rodriguez, who was driving the Hardins' automobile, ran a stop sign and collided with Christie Durbin's vehicle. *Id.* at 799. The Durbins sued the Hardins for negligent entrustment. *Id.* At a hearing on the Hardins' special appearance motion, the Durbins sought to introduce testimony about what Rodriguez and Manuela Hardin said to Officer Lindsay at the accident scene. *Id.* at 799–800. Although Rodriguez and Manuela spoke little or no English, they communicated with Officer Lindsay through an Officer Pete Lopez, who spoke Spanish and was called to the scene to act as interpreter. *Id.* The trial judge refused to admit Lindsay's testimony, concluding it was inadmissible hearsay. *Id.* at 800. The Dallas Court of Appeals concluded the trial judge properly excluded the testimony because (1) the interpreter had not been

called to testify, (2) the interpreter spoke Spanish poorly, and (3) neither Rodriguez nor Hardin "adopted" the interpreter as their agent. *Id.* at 801.

Although appellant contends *Durbin* is dispositive of this case and, therefore, prohibits Peters's testimony from being considered, we disagree. Unlike the situation in *Durbin*, the interpreter, Andrade, testified and was subject to cross-examination in this case. The record also contains some evidence that Andrade was fluent in Spanish. Further, the trial court could have reasonably concluded that appellant had "adopted" Andrade as his agent. Because this case is factually distinguishable from *Durbin*, we do not find it controlling.

■ In this case, the threshold question is whether the translated statement at issue should be attributed to Andrade or appellant. The Texas Rules of Evidence provide that a statement is not hearsay if it is offered against a party and is (1) "a statement by a person authorized by the party to make a statement concerning the subject" or (2) "a statement by the party's agent ... concerning a matter within the scope of the agency ..., made during the existence of the relationship." Tex.R. Evid. 801(e)(2)(C),(D); *see also Mitchell v. State*, 780 S.W.2d 862, 864 (Tex.App.— Houston [14th Dist.] 1989, no pet.) (holding that testimony by police officer to effect that informant told him that defendant and his accomplice had come to informant's home and discussed purchase of five kilograms of cocaine was not hearsay because statement was made by informant who was authorized by defendant to communicate such information to police officer under Rule 801(e)(2)(C)).

A growing majority of jurisdictions allow admission of translated testimony in appropriate circumstances assuring its reliability, on the theory that the interpreter serves as an agent of, or a language conduit for, the declarant. *See, e.g., United States v. Cordero*, 18 F.3d 1248, 1252 (5th Cir.1994) (stating that except in unusual circumstances, an interpreter is no more than a language conduit and therefore his translation does not create an additional level of hearsay); *United States v. Da Silva*, 725 F.2d 828, 831 (2d Cir.1983) (holding that translator may in some circumstances be viewed as an agent of defendant; thus, translation attributable to defendant as her own admission); *People v. Gutierrez*, 916 P.2d 598, 600–01 (Colo. Ct.App.1995) (discussing both agency and language conduit theories); and *State v. Robles*, 157 Wis.2d 55, 458 N.W.2d 818, 821–22 (1990), *aff'd*, 162 Wis.2d 883, 470 N.W.2d 900 (1991) (applying and discussing agency theory).[2] In determining whether the interpreter's statements should be attributed to the defendant under either the agency or conduit theory, courts have utilized the following factors listed in *United States v. Nazemian*, 948 F.2d 522, 527 (9th Cir.1991):(1) which party supplied the interpreter; (2) whether the interpreter had any motive to mislead or distort; (3) the interpreter's qualifications and language skill; and (4) whether actions taken subsequent to the conversation were consistent with the statements as translated. *See, e.g., United States v. Martinez-Gaytan*, 213 F.3d 890, 892–93 (5th Cir.2000) (finding that State failed to offer sufficient evidence to show interpreter's language fluency); *DCS Sanitation Mgmt., Inc. v. Occupational Safety and Health Review Comm'n*, 82 F.3d 812, 816 (8th Cir.1996) (applying *Nazemian* factors

---

2. *See also,* Romualdo P. Eclavea, Annot., *Admissibility of Testimony Concerning Extrajudicial Statements Made to, or in the Presence of,* *Witness Through an Interpreter,* 12 A.L.R.4th 1016 (2000 Supp.).

and finding translated statements admissible because directly attributable to party); *Gutierrez,* 916 P.2d at 601 (discussing factors and concluding trial court did not abuse its discretion in admitting translated statement); *State v. Felton,* 330 N.C. 619, 412 S.E.2d 344, 354–55 (1992) (finding that interpreter was qualified and had no motive to misrepresent defendant's testimony).

Here, on direct examination, Andrade testified:

Q. Did you help the officer translate for Mr. Gomez?

A. Yes, I did.

Q. Whatever the officer asked you translated to Mr. Gomez?

A. Right.

Q. What Mr. Gomez responded you told the officer?

A. Yes.

In this case, neither party "supplied" Andrade as an interpreter; rather, he was a bystander who took on that role. However, from the record it can be inferred that both Andrade and Officer Peters acquiesced to Andrade acting as interpreter. *See People v. Torres,* 213 Cal.App.3d 1248, 1258, 262 Cal.Rptr. 323 (3d Dist.1989) (stating that "[w]hen two persons speaking different languages select an interpreter as a medium of their communication, the interpreter is regarded as their joint agent for that purpose.").

The record does not indicate that Andrade had any motive to mislead Officer Peters or distort what was being said between the officer and the appellant. *Cf. People v. Romero,* 78 N.Y.2d 355, 575 N.Y.S.2d 802, 805, 581 N.E.2d 1048, 1051 (1991) (concluding there was reason to believe interpreter, an informant whose compensation depended on success of prosecution, had motive to shift suspicion to accused). Appellant also did not assert or point to any evidence indicating that Andrade's translation was inaccurate at the time it was effected.

At trial, there was no formalized evidence offered regarding Andrade's proficiency in Spanish; however, Andrade testified that he conversed with appellant only in Spanish, at both the time of Peters's interview with appellant, and also when appellant returned to Andrade's house to ask him to say that he was not driving. This indicates that Andrade possessed enough fluency in Spanish to carry on conversations with appellant on two separate occasions. *See Nazemian,* 948 F.2d at 528 (finding that interpreter's competence was demonstrated by fact that he acted as interpreter over a long period of time and in multiple meetings, though no formalized evidence on his language skills was offered into evidence). Andrade's proficiency in English is indicated by his testimony given in English at trial. Moreover, appellant does not dispute Andrade's abilities as an interpreter. That Andrade testified and was subject to cross-examination at trial also supports the admissibility of the translated statement. *See Durbin,* 775 S.W.2d at 801; *cf. People v. Villagomez,* 313 Ill.App.3d 799, 809, 246 Ill.Dec. 708, 730 N.E.2d 1173, 1182 (1st Dist.2000) ("[W]e must emphasize that unless the person who acts as the interpreter testifies as to the taking of the statement, the statement is inadmissible hearsay."); *Martinez–Gaytan,* 213 F.3d at 893 ("In light of our application of the *Nazemian* factors to the case at bar, we hold that absent in-court testimony by Garza that will help the court assess his reliability as a translator and give Appellant an opportunity to attack the quality of the translation, the district court's decision to deny Appellant's motion to suppress in this case was clearly erroneous.").

The circumstances of the accident were consistent with the statements of appellant, as translated. Within one minute of hearing the noise of the accident, Andrade went outside his home and saw a car in the ditch and no one but appellant near the car. The fact that appellant, on a later day, visited Andrade at his home and specifically asked Andrade to say that appellant was not driving the car at the time of the accident, but rather that his cousin was driving, could be viewed as merely a self-serving "cover-up" act in light of the fact Andrade had seen only appellant at the accident site.

Though Andrade testified that he recalled translating between Peters and appellant, he did not specifically remember translating that appellant stated that he had been driving the car. However, viewing Andrade as an agent or mere language conduit of appellant, and attributing the translated statement directly to appellant, whether Andrade remembers the specific substance of the translation at trial is not determinative of the statement's admissibility. *See* Tex.R. Evid. 801(e)(2)(C),(D). Moreover, such discrepancy goes to the weight, not the admissibility of the translated statement. *See Stoker v. State,* 788 S.W.2d 1, 10 (Tex.Crim.App.1989) (stating any discrepancy in testimony goes only to weight of evidence and not its admissibility); *see also State v.. Patino,* 177 Wis.2d 348, 502 N.W.2d 601, 610 (1993) (holding that discrepancy between declarant's testimony at preliminary hearing compared to his translated statement offered at trial went to weight not admissibility of statement).

We conclude that the trial court did not abuse its discretion in admitting Peters's testimony describing Andrade's translated statement that appellant was driving the car.

We overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.