**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

SHARON HOPKINS,
*Defendant-Appellant.*

No. 02-4545

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JUAN CARLOS RODRIGUEZ,
*Defendant-Appellant.*

No. 02-4678

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JORGE GONZALEZ-VASQUEZ,
*Defendant-Appellant.*

No. 02-4702

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DANIEL GONZALEZ-VASQUEZ,
*Defendant-Appellant.*

No. 02-4703

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-01-507)

Submitted: August 29, 2003

Decided: October 20, 2003

Before TRAXLER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Marc Seguinot, McLean, Virginia; David B. Betts, LAW OFFICES
OF DAVID B. BETTS, Columbia, South Carolina; Katherine Karruth
Link, Columbia, South Carolina; William C. Eleazar, Chapin, South
Carolina, for Appellants. J. Strom Thurmond, Jr., United States Attor-
ney, Deborah B. Barbier, Assistant United States Attorney, Mark C.
Moore, Assistant United States Attorney, William K. Witherspoon,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

   In these consolidated appeals, Sharon Hopkins, Juan Carlos Rodri-
guez, Jorge Gonzalez-Vasquez, and Daniel Gonzalez-Vasquez appeal

their jury convictions and resulting sentences for conspiring to use interstate financial transactions to support criminal activity, conspiring to smuggle narcotics into a federal correctional facility, and related offenses. *See* 18 U.S.C. § 1956(a)(1); 21 U.S.C. §§ 841, 846 (2000). The Appellants raise one collective assignment of error and eight individual issues. For the following reasons, we affirm.

## I.

The Appellants' collective assignment of error, alleging the district court's exercise of discretion under the Sentencing Guidelines violates *Ring v. Arizona*, 536 U.S. 584 (2002), is without merit. In *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), we held that a sentence did not implicate *Apprendi v. New Jersey*, 530 U.S. 466 (2000), provided it did not exceed the statutory maximum for the relevant count of conviction. Although the Appellants wish to revisit this decision based on *Ring*, we are bound to follow the prior panel decision of this court absent contrary authority from the Supreme Court. *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999). Because *Ring* simply "reiterated the *Apprendi* principle," *United States v. Jackson*, 327 F.3d 273, 284 (4th Cir. 2003), and none of the Appellants received a sentence in excess of the relevant statutory maximum for any count of conviction, this assignment of error is meritless.

## II.

Turning to the claims raised by Hopkins, we find there was sufficient evidence to sustain her conviction for conspiring to distribute heroin. Construing the evidence in the light most favorable to the United States, *Glasser v. United States*, 315 U.S. 60, 80 (1942), we find there was ample direct and circumstantial evidence that Hopkins helped recruit Linda Reed into the conspiracy, thereby demonstrating a connection sufficient to include her in the plan. *See United States v. Burgos*, 94 F.3d 849, 858 (4th Cir. 1996) (en banc).

Likewise, we find no error in the district court's application of an offense level enhancement for obstruction of justice under *U.S. Sentencing Guidelines Manual* § 3C1.1 (2002), and refusal to depart downward to account for Hopkins's minor role in the offense, *see* USSG § 5H1.7. We find the § 3C1.1 enhancement to be proper fol-

lowing Hopkins's conviction under 18 U.S.C.A. § 1512(b) (West 2000 & Supp. 2003). *See* § 3C1.1, comment. (n.4(i)). Further, Hopkins fails to demonstrate that the district court misapprehended its authority to depart, indicating this claim is unreviewable. *See United States v. Wilkinson*, 137 F.3d 214, 230 (4th Cir. 1998); *United States v. Bayerle*, 898 F.2d 28, 29 (4th Cir. 1990). Hence, we find no error in either Hopkins's conviction under § 846 or her 121-month custodial sentence.\*

III.

Nor do we find merit in Rodriguez's and Daniel Gonzalez-Vasquez's joint contention that the district court erred in denying their motions for acquittal as to Count 1 (charging them with conspiring to transfer the proceeds of criminal activity through interstate financial transactions, in violation of 18 U.S.C.A. § 1956(h) (West 2000 & Supp. 2003)), and Count 2 (alleging a conspiracy to distribute heroin in violation of § 846). This court reviews the denial of a motion for a judgment of acquittal de novo. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001). Where, as here, the motion alleged insufficient evidence, the relevant question is whether taking the view most favorable to the government, there was substantial evidence to support the verdict. *See Glasser*, 315 U.S. at 80.

Applying this standard of review, we find no error. Because the connection between a defendant and a conspiracy may be demonstrated by wholly circumstantial evidence, and even a slight connection will suffice to tie the defendant to the conspiracy, we find Jorge Gonzalez-Vasquez's letter to Rodriguez and the telephone conversations between these Appellants and Jorge Gonzalez-Vasquez adequately demonstrated their knowing and voluntary participation in both the money laundering conspiracy and the heroin conspiracy. *See Burgos*, 94 F.3d at 858. Hence we find no error in the denial of either Rodriguez's or Daniel Gonzalez-Vasquez's motions for acquittal.

---

\*We note Hopkins does not contest her conviction under § 1512.

IV.

Finally, we find no error in Jorge Gonzalez-Vasquez's conviction or sentence. Jorge Gonzalez-Vasquez challenges his conviction as predicated on several erroneous evidentiary decisions and his sentence as reflective of three separate misapplications of the Sentencing Guidelines. Jorge Gonzalez-Vasquez also presents a variation of the Appellants' collective assignment of error addressed above. None of these contentions are persuasive, however.

With respect to the evidentiary decisions in question, we find no error in the district court's admission of testimony regarding Jorge Gonzalez-Vasquez's prior drug smuggling at FCI Atlanta and his membership in a gang. That testimony demonstrated Jorge Gonzalez-Vasquez's ability and opportunity to continue a drug smuggling operation at FCI Edgefield following his transfer there, *see* Fed. R. Evid. 404(b), and because this evidence was intrinsic to the conspiracy alleged in the indictment, it went beyond demonstrating only a criminal disposition. *See United States v. Sanchez*, 118 F.3d 192, 195 (4th Cir. 1997). Nor do we find abuse of discretion in the district court's admission of statements Jorge Gonzalez-Vasquez made to a cooperating co-conspirator through various inmate interpreters selected by Jorge Gonzalez-Vasquez, as those inmates functioned as no more than language conduits. *See United States v. Martinez-Gaytan*, 213 F.3d 890, 892 (5th Cir. 2000); *United States v. Garcia*, 16 F.3d 341, 342-43 (9th Cir. 1994).

Nor do we find error in Jorge Gonzalez-Vasquez's sentence. Because the district court did not exceed the statutory maximum in sentencing Jorge Gonzalez-Vasquez for the various offenses of which he was convicted, and his convictions under 18 U.S.C. § 1791 (2000) required that his 165-month sentences be imposed consecutively, *see* § 1791(c), we find this claim to be indistinguishable from the Appellants' collective claim under *Ring*. Further, the district court properly applied an offense level enhancement for obstruction of justice under § 3C1.1 based on Jorge Gonzalez-Vasquez's threats to a testifying co-conspirator, *see* § 3C1.1, comment. (n.4(a)), and this enhancement provides an additional basis for denying an offense level reduction for acceptance of responsibility, *see* § 3E1.1, comment. (n.2, 4). Finally, we also find there was ample testimony presented at trial that Jorge

Gonzalez-Vasquez was the organizer and leader of a conspiracy involving five or more participants.

## V.

Accordingly, we affirm the Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*