TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00098-CR






Dwayne Cassidy, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 1010181, HONORABLE BOB PERKINS, JUDGE PRESIDING






O P I N I O N



At a bench trial, appellant Dwayne Cassidy was convicted of aggravated assault with
a deadly weapon and sentenced to twelve years' imprisonment. See Tex. Pen. Code Ann. § 22.02
(West Supp. 2004). In two points of error, appellant contends the court erroneously admitted double
hearsay and, by so doing, violated his Sixth Amendment confrontation right. We will overrule these
contentions and affirm the conviction.

On the afternoon of September 24, 2000, Zachary Martin and Daphne Cavasoz were
driving on South Congress Avenue in Austin when they saw a man run "frantically" from a
convenience store and into the street. It is undisputed that this man was Makhnegae Shoukat, who
was employed at the store. Moments later, Martin and Cavasoz saw a second man leave the store,
get into a truck, and drive away. Thinking that this "looked a little strange," Martin followed the
truck for a few blocks as it sped down a side street, and Cavasoz wrote down the truck's license plate
number. The couple then returned to the convenience store.

Austin Police Officer Robert Benfer was dispatched to the convenience store. When
he arrived, he found emergency medical personnel treating Shoukat for a stab wound to his abdomen
and cuts on his hand. Benfer testified and photographs in evidence show that there was a
considerable amount of blood behind the counter and elsewhere inside the store. Martin and
Cavasoz approached Benfer, told him what they had seen, and gave him the suspect's description
and license plate number. Benfer radioed a request for other officers to be on the lookout for the
truck.

Michonne Lee testified that appellant came to her apartment on the afternoon of
September 24, 2000. Appellant had blood on his hands, arms, and clothing. He told Lee that he had
been robbed and showed her a knife he said he used to defend himself. After appellant washed his
hands and arms, he and Lee left the apartment in appellant's truck. The truck was stopped by Officer
Maurice Forshee about thirty minutes after the assault. Forshee identified appellant at trial as the
driver of the truck. He also identified a knife which he found beside appellant. When seized, the
knife had blood on its blade. Martin and Cavasoz were brought to the scene of the stop by a police
officer and identified appellant as the man they saw leaving the convenience store. They repeated
their identifications at trial.

Shoukat was taken to a hospital where, one hour after the assault, he was interviewed
by Officer Benfer. Shoukat is a native of Pakistan and does not speak English. Kassem Momin,
another Pakistani native employed at the convenience store, served as an interpreter. Over objection,
Benfer testified that Shoukat gave him a description of his assailant that matched that provided by
Martin and Cavasoz. He told the officer that the man had entered the store and asked to cash a
check. When Shoukat refused to cash the check, the man stabbed him.

The next day, Officer Mark Gil met Shoukat at the convenience store. With the
assistance of another employee, Gil showed Shoukat a photographic lineup and asked if it contained
the man who stabbed him. Shoukat immediately identified appellant's photograph.

Appellant's points of error concern the admission of Benfer's testimony recounting
Shoukat's statements at the hospital. Appellant asserts that the testimony was double hearsay: first
from the complainant Shoukat to the interpreter Momin, and then from Momin to the witness Benfer. 
Appellant does not challenge the trial court's ruling that Shoukat's statements were excited
utterances. See Tex. R. Evid. 803(2). He argues, however, that this hearsay exception applied only
to Shoukat's statements to Momin, and that the court erred by not requiring the State to demonstrate
that a second exception applied to Momin's statements to Benfer. Appellant asserts that the
admission of Momin's statements to Benfer in the absence of an applicable hearsay exception
violated his constitutional confrontation right. The State responds that the interpreter served merely
as a "language conduit" through whom Shoukat spoke directly to Benfer. The State contends there
was only one level of hearsay, the excited utterance exception applied, and no confrontation violation
is shown. The district court admitted Benfer's testimony on this basis.

The traditional rule followed in Texas was as follows: "A person conversing with
a third person through an interpreter is not qualified to testify to the other person's statements,
because he knows them only through the hearsay of the interpreter. Ordinarily, therefore, the third
person's words cannot be proved by any one except the interpreter himself." Gulf, C. & S.F. Ry. Co.
v. Giun, 116 S.W.2d 693, 696 (Tex. 1938). As the State points out, Giun and earlier opinions to the
same effect were decided under "the common-law's mechanistic rules which tended to favor
exclusion of evidence." Montgomery v. State, 810 S.W.2d 372, 375 (Tex. Crim. App. 1990). The
new rules of evidence, on the other hand, "favor the admission of all logically relevant evidence for
the jury's consideration." Id.

We are referred to only two Texas opinions addressing this question since the
adoption of the modern rules of evidence. In Durbin v. Hardin, the court followed Giun and upheld
the exclusion of testimony by a police officer regarding an accident-scene statement made by the
declarant in Spanish that was interpreted at the scene by another officer. 775 S.W.2d 798, 801 (Tex.
App.--Dallas 1989, writ denied). The court held that only the interpreter was competent to testify
to the declarant's out-of-court statement; the officer's testimony based on the interpreter's translation
was deemed inadmissible hearsay. Id.

More recently, another court of appeals opted to join "[a] growing majority of
jurisdictions [that] allow admission of translated testimony in appropriate circumstances assuring
its reliability, on the theory that the interpreter serves as an agent of, or a language conduit for, the
declarant." Gomez v. State, 49 S.W.3d 456, 459 (Tex. App.--Houston [1st Dist.] 2001, pet. ref'd). 
In that case, a prosecution for driving while intoxicated, the defendant told a police officer at the
scene of a one-car accident that he had been driving. Id. at 457. The defendant made the statement
in Spanish, and it was contemporaneously interpreted for the officer by a bystander. Id. The court
of appeals held that under the circumstances, the interpreter served as "an agent or mere language
conduit" for the defendant without introducing an additional layer of hearsay, the translated
statement was properly attributed directly to the defendant, and as such, was admissible non-hearsay
under rule 801(e)(2). Id. at 461.

The "language conduit" rule has been stated as follows: "Absent a motive to mislead,
distort or some other indication of inaccuracy, when persons speaking different languages rely upon
a translator as a conduit for their communication, the statements of the translator should be regarded
as the statements of the persons themselves without creating an additional layer of hearsay. Like any
other exception to the hearsay rule, the translated statements are admissible--if qualified by an
exception to the hearsay rule--without calling the translator as a witness." State v. Patino, 502
N.W.2d 601, 610 (Wis. Ct. App. 1993) (citations omitted). In Gomez, the court cited four factors
often considered when deciding if the conduit theory applies: (1) which party supplied the
interpreter; (2) whether the interpreter had any motive to mislead or distort; (3) the interpreter's
qualifications and language skill; and (4) whether actions taken subsequent to the conversation were
consistent with the statements as translated. Gomez, 49 S.W.3d at 459 (citing United States v.
Nazemian, 948 F.2d 522, 527 (9th Cir. 1991)). See also United States v. Koskerides, 877 F.2d 1129,
1135 (2d Cir. 1989) (adopting language conduit rule); United States v. Cordero, 18 F.3d 1248, 1253
(5th Cir. 1994) (same); United States v. Gaytan-Martinez, 213 F.3d 890, 892-93 (5th Cir. 2000)
(considering Nazemian factors and deciding that interpreter should not be treated as conduit in that
case).

In this cause, the interpreter Momin was not "provided" by either party. He was
Shoukat's coworker and was apparently visiting him in the hospital when the officer arrived. Momin
had no obvious motive to mislead Officer Benfer regarding Shoukat's statements. As regards
Momin's language skills, Benfer testified, "I've worked that area for seven years, and I've been to
that store like on shoplifters and stuff like that, but as far as knowing his qualifications on language,
I believe he is fluent." The fourth Nazemian factor, whether subsequent actions were consistent with
the translated statements, is not directly applicable here. We do note, however, that Shoukat's
account of the assault and his description of the assailant, as translated by Momin, were consistent
with the physical evidence and with the description of the suspect provided by Martin and Cavasoz. 
We hold that under the circumstances shown by this record, the district court correctly treated the
interpreter as a language conduit who did not add an additional level of hearsay.

It has been held that the excited utterance exception to the hearsay rule is firmly
rooted, and that such statements bear sufficient indicia of reliability to satisfy the Confrontation
Clause. White v. Illinois, 502 U.S. 346, 355 n.8 (1992); Penry v. State, 903 S.W.2d 715, 751 (Tex.
Crim. App. 1995). Since appellant was tried, however, the United States Supreme Court has
disapproved the application of "indicia of reliability" analysis to testimonial hearsay. Crawford v.
Washington, No. 02-9410, 2004 U.S. LEXIS 1838 (U.S. Mar. 8, 2004). In Crawford, the Supreme
Court held that the admission of testimonial hearsay violates the Confrontation Clause unless the
declarant is shown to be unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant. Id. at *52-53. The Court left "for another day any effort to spell out a
comprehensive definition of 'testimonial,'" but stated that "it applies at a minimum to prior
testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police
interrogations." Id. at *53.

We do not believe that Benfer's interview of Shoukat at the hospital on the afternoon
of the assault constituted "interrogation" as that term is used in Crawford. Therefore, we do not
believe that the hearsay in question was testimonial. Crawford strongly suggests, but does not hold,
that the admissibility of nontestimonial hearsay is outside the scope of the Sixth Amendment. Id.
at *52. Under either this theory or the "indicia of reliability" theory currently applied to
nontestimonial hearsay, the admission of Shoukat's excited utterances to Benfer did not violate the
Sixth Amendment.

Finally, if the admission of the challenged hearsay was error, the error was harmless. 
Martin and Cavasoz identified appellant as the man they saw follow Shoukat out of the store
immediately after the assault. Lee testified that appellant came to her apartment that afternoon
covered with blood. Appellant had a bloody knife in his possession when detained by the police
thirty minutes after the assault. The day after the assault, Shoukat positively identified appellant's
photograph as his assailant. The only fact proved by the challenged testimony that was not proved
by other testimony was the assailant's motive: Shoukat told Benfer through the interpreter that the
assailant stabbed him after he refused to cash a check. If the admission of this fact violated either
the rules of evidence or the Confrontation Clause, we are satisfied beyond a reasonable doubt that
it did not contribute to the conviction or punishment. Tex. R. App. P. 44.2(a).

The points of error are overruled and the judgment of conviction is affirmed.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: May 20, 2004

Publish