Opinion Issued December 15, 2005








                              



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00463-CR




ANTHONY DONIELLE BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 2003-948687




MEMORANDUM OPINION

          Anthony Donielle Brown, appellant, pleaded not guilty to aggravated robbery. 
A jury found him guilty and assessed punishment at 60 years’ confinement. In four
points of error, appellant contends that (1) the trial court erred in overruling
appellant’s objection to the admission of hearsay testimony, (2) the trial court erred
in overruling appellant’s objection to the admission of evidence not within the
witness’s personal knowledge, (3) the evidence is legally insufficient to support his
conviction, and (4) the evidence is factually insufficient to support his conviction. 
We affirm.
BACKGROUND

          On April 30, 2003, Patrick Chukwurah went to the first floor apartment of his
girlfriend, Brandy DiFronzo. While she waited on the balcony for Chukwurah to join
her, appellant and another man approached her and asked who owned the nearby
truck, which belonged to Chukwurah. She told them that she did not know who
owned it and began to scream for help when they became more forceful in their
inquiries. Appellant pulled out a gun, held it to her head, and demanded her silence
while they waited for Chukwurah to come out of the apartment. 
          When Chukwurah came outside, two more men appeared, and the man
threatening DiFronzo turned the gun on Chukwurah and forced him into the
apartment. Chukwurah was told to lie face down on the floor while his hands and feet
were bound. The men brought DiFronzo into the apartment and pushed her face
down on the ground. The men ransacked the apartment and took some small items
such as a watch, wallet, sunglasses, and the keys to Chukwurah’s truck. Because the
men could not successfully operate the truck’s alarm system, DiFronzo went with
them to turn off the alarm.
          The next morning, Chukwurah’s truck was found only a quarter of a mile from
appellant’s residence almost completely gutted by fire with the truck’s wheels and
rims missing. An arson investigator took the numbers off a cellular phone found near
the vehicle and traced those numbers to find corresponding names and addresses. 
The investigating officers found two possible names to whom the phone could have
belonged, one of which was appellant’s name. Upon investigating appellant’s
residence, police found lug nuts, a lug wrench, and a pistol magazine scattered in the
yard.



          Appellant’s picture was then placed in a photo array with 17 other photos and
given to both DiFronzo and Chukwurah. DiFronzo positively identified appellant in
the photo array. Chukwurah, though, merely stated that appellant’s photo made him
“nauseous.” Both were able to identify appellant in court. Appellant offered the
testimony of two of his sisters who testified that appellant was with them during the
time of the alleged crime. 
EVIDENTIARY CHALLENGES
          In his first point of error, appellant contends the trial court erred in overruling
his objection to the arson investigator’s testimony that the cellular phone found near
Chukwurah’s truck belonged to appellant. Specifically, appellant argues that the
testimony constituted inadmissible hearsay because the investigator was testifying
from records not entered into evidence. We disagree.
          We review a trial court’s evidentiary rulings under an abuse-of-discretion
standard. State v. Mechler, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005); Lopez v.
State, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002). The admissibility of an out-of-court statement under an exception to the general hearsay exclusion rule is within the
trial court’s discretion. Lawton v. State, 913 S.W.2d 542, 553 (Tex. Crim. App.
1995). The decision of the trial court will be affirmed if the decision is within the
zone of reasonable disagreement on the particular issue. Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990). An appellate court’s review is limited to
determining whether the record supports the trial court’s ruling. Coffin v. State, 885
S.W.2d 140, 149 (Tex. Crim. App. 1994); Gomez v. State, 49 S.W.3d 456, 458 (Tex.
App.—Houston [1st Dist.] 2001, pet. ref’d).
          The Texas Rules of Evidence prohibit the admission of hearsay evidence
except as provided by statute or other rules prescribed pursuant to statutory authority. 
Tex. R. Evid. 802. Hearsay is a statement, other than one made by the declarant
while testifying at the trial or hearing, offered in evidence to prove the truth of the
matter asserted. Id. 801(d). However, a statement not offered to prove the truth of
the matter asserted is not hearsay. Dinkins v. State, 894 S.W.2d 330, 347 (Tex. Crim.
App. 1995). The Texas Court of Criminal Appeals has held that statements offered
for the purpose of explaining how a defendant became a suspect and not for the truth
of the matter asserted are not hearsay. Id. (citing Jones v. State, 843 S.W.2d 487, 499
(Tex. Crim. App. 1992) which held that testimony of an officer explaining how the
officer came to suspect appellant was not objectionable as hearsay because it was “not
offered to prove the truth of the matter asserted, but to show why the officer got an
arrest warrant for and arrested appellant”).
          The instant case is controlled by Dinkins and Jones. The arson investigator’s
testimony shows the steps of his investigation and how appellant became a suspect. 
The arson investigator was allowed to testify, without objection, about the various
phone numbers found on the cell phone located near the scene of the crime. With
those phone numbers, the investigator performed a search on the internet to determine
to which addresses those numbers corresponded, several of which corresponded to
appellant.


 The trial court then allowed the investigator to testify, over appellant’s
hearsay objection, that he had determined the phone was appellant’s. It was this
information that the investigator used to obtain appellant’s driver’s license photo,
create a photo array, and present it to Chukwurah and DiFronzo.
          The information that the cell phone number led officers to appellant was
admissible because the testimony relayed information about how appellant became
a suspect. The investigator stated during direct that “when I have his cell phone, he
is a person of interest. And what I do is [sic] I want to eliminate or confirm him as
a suspect or eliminate him as a suspect so we can continue on the investigation.” 
Because the identity of the phone’s owner explains why the investigator focused on
appellant as a suspect, we conclude that it was not inadmissible hearsay. See id. We
overrule appellant’s first point of error.
          In his second point of error, appellant contends that the trial court erred in
overruling his objection to the arson investigator’s testimony that appellant used a
nickname or alias. The following exchange took place at trial:
Q (Prosecutor): Now, was there a name that appeared on the screen
when you turned [the cell phone] up [sic]?
A (Investigator): Yes, sir. When it turned the phone on, I believe it was
D-O-D-O hyphen and then underneath it was written Daff, D-A-F-F.
Q: Did you find out, in your checking, if Anthony Brown had nicknames
or aliases?
                    A: Aliases?
                    Q: Yes.
                    A: Yes. He was aliased as a Dodo, yes, sir.
                    Q: Meaning that was one of his aliases, meaning that is not a dodo.
MR. DAVIS (Defense Counsel): I object to this as to how this officer
found this out, where this testimony is coming from, Your Honor, I object to
lack of foundation.
                    THE COURT: Sustained.
                    Q: Did you find out whether or nor he had an alias?
                    A: Through the HPD computer system.
Q: And what on the HPD computer system did you look at to determine
if this person had an alias, some sort of screen that keep records of that?
                    A: We did a name search.
MR. DAVIS: I object to this, Your Honor, as doing a list with the screen
reflect or what the records reflect without the record being present in court for
us to read.
                    THE COURT: Overruled.

(emphasis added).
          Appellant now complains that the trial court erred in allowing the investigator
to testify “that police department records indicated that the appellant used the alias
‘Dodo,’ where [sic] the records were not introduced into evidence at trial.” 
          As a prerequisite to presenting a complaint for appellate review, the record
must indicate that the complaint was made to the trial court by a timely request,
objection, or motion that “stated the grounds for the ruling that the complaining party
sought from the trial court with sufficient specificity to make the trial court aware of
the complaint, unless the specific grounds were apparent from the context.” Tex. R.
App. P. 33.1(a)(1)(A). Timely objections are those made as soon as the ground for
objection becomes apparent. Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim.
App. 1997). If a defendant fails to object until after an objectionable question has
been asked and answered, and he can show no legitimate reason to justify the delay,
his objection is untimely and error is waived. Id. If a timely objection is made, the
objecting party must obtain an adverse ruling to present the complaint on appeal. 
Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991); Steadman v. State, 31
S.W.3d 738, 741 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). If the objecting
party’s objection is sustained, that party must ask for an instruction to disregard, then
move for a mistrial. Fuller v. State, 827 S.W.2d 919, 926 (Tex. Crim. App. 1992). 
The most important procedure is to press the specific objection to the point of
obtaining an adverse ruling, be that to the objection, the request for an instruction, or
the motion for mistrial. Id. 
          Here, appellant lodged two objections, the first of which was sustained. 
Because appellant did not receive an adverse ruling on the first objection and did not
press his objection to obtain an adverse ruling by an instruction to disregard or
motion for mistrial, he has preserved no issue for review. See id.; see Turner, 805
S.W.2d at 431; see Steadman, 31 S.W.3d at 741. 
          Appellant did obtain an adverse ruling on the second objection; however, it was
untimely. See Lagrone, 942 S.W.2d at 618. On appeal, appellant complains that the
trial court erred in allowing the investigator to testify that police records indicated
appellant used the nickname or alias “Dodo,” but, at trial, appellant did not object
when the prosecutor asked, “Did you find out, in your checking, if Anthony Brown
had nicknames or aliases?,” and before the investigator responded, “Yes. He was
aliased as a Dodo.” (emphasis added). The broad form of the unobjected to question
encompassed all sources checked by the officer, including police records concerning
whether appellant had nicknames or aliases. Because appellant failed to properly
object as soon as the ground for objection became apparent, his later objection is
untimely, and any error is waived. 
Further, appellant’s cross-examination cured any error that may have arisen
from allowing the arson investigator to testify that the police records indicated the
appellant’s alias was Dodo. Appellate courts should not overturn criminal
convictions for non-constitutional error if, after examining the record as a whole, the
court has fair assurance that the error did not influence the jury, or had but a slight
effect. Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); see Tex. R.
App. P. 44.2(b). Here, the arson investigator recanted his testimony that the police
records indicated appellant’s alias was Dodo. We conclude that because of this
concession the jury was not influenced and any error had but a slight effect. See
Johnson, 967 S.W.2d at 417.
Accordingly, we overrule appellant’s second point of error.
LEGAL AND FACTUAL SUFFICIENCY CHALLENGE
In his third and fourth points of error, appellant contends there was legally and
factually insufficient evidence to support appellant’s conviction when the State failed
to rebut appellant’s mistaken identification evidence beyond a reasonable doubt. We
disagree.
Mistaken identity is not a defense. See Giesberg v. State, 984 S.W.2d 245,
250-51 (Tex. Crim. App. 1998). It is a defensive theory offered to negate identity,
and the State is not required to rebut an accused’s defensive theory beyond a
reasonable doubt. See Giesberg v. State, 945 S.W.2d 120, 124 (Tex. App.—Houston
[1st Dist.] 1996), aff’d, 984 S.W.2d 245 (Tex. Crim. App. 1998). The State carries
its burden in a criminal case if it proves each element of an offense, including
identity, beyond a reasonable doubt. See Tex. Pen. Code Ann. § 2.01 (Vernon
2003). We thus treat appellant’s argument as a challenge to the sufficiency of the
evidence to prove appellant’s identity beyond a reasonable doubt.
In criminal cases, appellate courts review the legal sufficiency of the evidence
by viewing it in the light most favorable to the verdict to determine if any rational fact
finder could have found the essential elements of the criminal offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our
analysis considers all evidence presented at trial, we may not re-weigh the evidence
and substitute our judgment for that of the fact finder. King, 29 S.W.3d at 562. The
jury, as trier of fact, is the sole judge of the credibility of the witnesses and may
believe or disbelieve all or any part of a witness’s testimony. Reece v. State, 878
S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.] 1994, no writ).
In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof, beyond a reasonable doubt, could not have been met. See Zuniga
v. State, 144 S.W.3d 477, 483 (Tex. Crim. App. 2004). We must also be mindful that
the fact finder is the sole judge of the credibility of the witnesses and may choose to
believe all, some, or none of the testimony presented. Cain v. State, 958 S.W.2d 404,
407 & n.4-5 (Tex. Crim. App. 1997). The fact finder is the judge of the weight to
give contradictory testimonial evidence because it turns on an evaluation of
credibility and demeanor. Id. at 408-09.
Here, appellant was charged with aggravated robbery. A person commits the
offense of aggravated robbery if (1) in the course of committing a theft (2) with the
intent to obtain or maintain the control of the property (3) one intentionally or
knowingly threatens or places another in fear of imminent bodily injury or death (4)
while using or exhibiting a deadly weapon. Tex. Pen. Code Ann. §§ 29.02–29.03
(Vernon 2003). It is well established that a conviction, including one for aggravated
robbery, may be based on the testimony of a single eyewitness. Zinger v. State, 932
S.W.2d 511, 518 (Tex. Crim. App. 1996); Aguilar v. State, 468 S.W.2d 75, 77 (Tex.
Crim. App. 1971). 
Appellant’s challenges to the legal and factual sufficiency of the evidence rest
on (1) both DiFronzo’s and Chukwurah’s failure to mention appellant’s noticeable
tattoos on his arms, (2) the absence of physical evidence linking appellant to the
crime, (3) appellant’s sisters’ testimony that appellant was present with family
members when the crime occurred, and (4) the absence of an oral or written statement
given by appellant regarding this offense. The State points to DiFronzo’s
identification of appellant. DiFronzo spent a considerable amount of time with
appellant from their initial encounter to his leading her to the truck to disarm the
alarm. This allowed her to identify appellant in a photo array consisting of 18
individuals and in court. The State also points to Chukwurah’s “nauseous” reaction
upon seeing appellant’s photo in the same photo array and his in-court identification. 
Based on the evidence before it, the jury was entitled to reconcile the contradictory
testimony in favor of the State. Reece, 878 S.W.2d at 325 (stating the jury is the sole
judge of the credibility of the witnesses).
The location of the crime scene is also important. The police found
Chukwurah’s truck on blocks, with the tires and rims missing, only a quarter of a mile
from appellant’s residence. At appellant’s house, police found lug nuts, a lug wrench,
and a pistol magazine scattered in the yard. Thus, the jury rationally could have
concluded that appellant parked Chukwurah’s truck nearby to shorten the trip of
moving the tires and rims to his residence. Viewing all of the evidence in the light
most favorable to the verdict, we conclude that a rational fact finder could have found
the essential elements of the offense beyond a reasonable doubt. See King, 29 S.W.3d
at 562. 
Because our evaluation should not intrude upon the fact finder’s role as the sole
judge of the weight and credibility given to any witness’s testimony, when we view
the evidence in a neutral light, we also conclude that the evidence supporting
appellant’s conviction is not too weak to support the finding of guilt beyond a
reasonable doubt; nor was the contrary evidence so strong that the beyond a
reasonable doubt standard could not have been met. See Cain, 958 S.W.2d at 407;
see Zuniga, 144 S.W.3d at 483. We hold that evidence is both legally and factually
sufficient to support appellant’s conviction. Accordingly, we overrule appellant’s
third and fourth points of errors.
CONCLUSION
We affirm the judgment of the trial court.
 
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).